■ ROBERT FEIS, Appellant, v A.S.D. METAL & MACHINE SHOP, INC., et al., Respondents. [651 NYS2d 183] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Floyd, J.), entered December 13, 1995, which granted the separate motions by the defendants for summary judgment dismissing the complaint, and (2) a judgment of the same court entered May 21, 1996, dismissing the complaint.

Ordered that the appeal from the order is dismissed; and if it is further,

Ordered that the judgment is affirmed; and is further,

Ordered that the defendants are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with

the entry of judgment in the action (*see, Matter of Aho*, 39 NY2d 241). The issues raised on appeal from the order are brought up for review and have been considered on appeal from the judgment (CPLR 5501 [a] [1]).

The plaintiff claimed that he was injured while using a dough machine allegedly manufactured by the defendants. Summary judgment was granted to the defendants on their respective motions on the ground that they established that they had neither manufactured, sold, installed, repaired, nor maintained the machine in question.

The Supreme Court properly granted the separate motions by the defendant A.S.D. Metal & Machine Shop, Inc. (hereinafter A.S.D.) and the defendant F.M.V. Machine Works Inc. (hereinafter F.M.V.) for summary judgment dismissing the complaint. The affidavits submitted by the former president of A.S.D. and the general manager of F.M.V. established that the plaintiff's injuries were not caused by negligence on the part of either defendant. The letter submitted in opposition to A.S.D.'s motion constituted hearsay evidence of statements by an unidentified declarant and was therefore insufficient to defeat A.S.D.'s motion for summary judgment (*cf., Schiffren v Kramer*, 225 AD2d 757). The letter prepared by F.M.V.'s insurer which the plaintiff submitted in opposition to F.M.V.'s separate motion indicated that F.M.V.'s only involvement with the machine was subsequent to the date of the occurrence.

The plaintiff contends that the defendants' motions for summary judgment were premature inasmuch as discovery was incomplete. In view of the fact that the plaintiff made no attempt during the almost four-year period following the occurrence to seek discovery of the allegedly defective machine, we conclude that the plaintiff's contention is meritless. Mangano, P. J., O'Brien, Pizzuto, Goldstein and Luciano, JJ.; concur.