■ DARRYL ZIMMERMAN, Appellant, v OPTICA MANUFACTURING CORP. et al., Defendants, and MARTIN GRESHES, Respondent. [702 NYS2d 370] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated November 12, 1998, as granted the defendants' motion for reargument, and upon reargument,

granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Martin Greshes.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action to recover damages for injuries he allegedly sustained while dismantling an oven in a factory that manufactured optical lenses. The plaintiff concedes that the Supreme Court properly dismissed the complaint insofar as it was asserted against the two corporate defendants based upon their affirmative defense that his exclusive remedy was under the Workers' Compensation Law. Contrary to the plaintiff's contention, however, the affirmative defense also applies to the individual defendant Martin Greshes. There is sufficient uncontroverted evidence to establish that Martin Greshes was the plaintiff's coemployee. Moreover, the status of Martin Greshes as the owner of the premises where the accident occurred does not negate his immunity from suit pursuant to Workers' Compensation Law § 29 (6) (*see, Heritage v Van Patten,* 59 NY2d 1017; *Sylfa v Stupnick,* 239 AD2d 570; *Lapinski v Gusmar Realty Corp.,* 211 AD2d 762; *Kinsman v McGill,* 210 AD2d 659). Ritter, J. P., Friedmann, Feuerstein and Schmidt, JJ., concur.