■ CLAUDINA HERNANDEZ, Respondent, v YONKERS CONTRACTING COMPANY, INC., et al., Appellants, et al., Defendant. [739 NYS2d 723] —In an action to recover damages for personal injuries and wrongful death, etc., (1) the defendant Yonkers Contracting Company, Inc., appeals, and the defendants Ventura Leasing Company, Briarwood Contracting Group, a Division of E.C.C.O. III Enterprises, Inc., sued herein as Briarwood Contracting Group, E.C.C.O. III Enterprises, Inc., sued herein as ECCO Enterprises, Inc., and Walter E. Dreeland, separately appeal, from so much of an order of the Supreme Court, Kings County (Huttner, J.), dated April 25, 2001, as denied those branches of their respective motions which were for (a) summary judgment dismissing the complaint insofar as asserted against them, and (b) costs and an award of an attorney's fee pursuant to CPLR 8303-a, and (2) the defendants Halmar Builders of New York, Inc., and Halmar Construction Corp. separately appeal from so much of the same order as, upon

granting that branch of their motion which was to dismiss the complaint insofar as asserted against them, did so without prejudice to the plaintiff recommencing the action against them and denied that branch of their motion which was for costs and an award of an attorney's fee pursuant to CPLR 8303-a.

Ordered that the order is reversed insofar as appealed from, with costs to the appellants appealing separately and filing separate briefs, the motions are granted, the complaint is dismissed insofar as asserted against the appellants, the action against the remaining defendant is severed, and the matter is remitted to the Supreme Court, Westchester County, for a determination of the amount of costs and attorney's fees.

While working on a construction project for the appellant E.C.C.O. III Enterprises, Inc., sued herein as ECCO Enterprises, Inc. (hereinafter ECCO III), the plaintiff's decedent suffered personal injuries from which he subsequently died when he was crushed by a crane operated by a coworker, the appellant Walter E. Dreeland. Although she collected workers' compensation benefits in connection with the incident, the plaintiff commenced the instant action in Supreme Court, Kings County, against multiple defendants, including the appellants herein.

Prior to serving their respective answers, each of the appellants requested that the plaintiff discontinue the action against it, but she refused. Then, before any discovery had taken place, the appellants separately moved for a change of venue to Westchester County, for summary judgment dismissing the complaint insofar as asserted against them and for an award of costs and an attorney's fee against the plaintiff pursuant to CPLR 8303-a. The Supreme Court granted those branches of the motions which were for a change of venue to Westchester County, but otherwise denied the motions, except with respect to the appellants Halmar Builders of New York and Halmar Construction Corp. (hereinafter collectively referred to as Halmar). The court dismissed the action insofar as asserted against Halmar, but did so "without prejudice to recommencing against Halmar * * * at the close of discovery and contingent upon [plaintiff's] good faith showing of Halmar's nexus to" the construction project at issue. These appeals ensued. We reverse insofar as appealed from by each of the appellants, and grant the motions, inter alia, to dismiss the complaint and for awards of costs and attorney's fees pursuant to CPLR 8303-a.

The appellants Yonkers Contracting Company (hereinafter Yonkers Contracting), Halmar, Ventura Leasing Company,

and Briarwood Contracting Group each established a prima facie case that it was entitled to summary judgment dismissing the complaint. In short, each established that it was neither a contractor nor a subcontractor, and performed no work on the construction project at which the decedent was working when he was injured (see, Feis v A.S.D. Metal & Mach. Shop, 234 AD2d 504; Andino v Stahl, 248 AD2d 338; Cruz v Otis El. Co., 238 AD2d 540).

Similarly, ECCO III and Walter E. Dreeland established a prima facie case that they were entitled to summary judgment based on the exclusivity of the Workers' Compensation Law. Here, the plaintiff admitted that she had received workers' compensation benefits as a result of the accident and that ECCO III was her decedent's employer. Thus, workers' compensation was her exclusive remedy (see, Quito v Guarino, 287 AD2d 554; Fucile v Grand Union Co., 270 AD2d 227; Zimmerman v Optica Mfg. Corp., 268 AD2d 584).

The plaintiff's claim that it is premature to dismiss the complaint because no discovery has taken place is without merit. Although no discovery has yet occurred, summary judgment should not be denied where "there was only hope and speculation as to what additional discovery would uncover" (Rodgers v Yale Univ., 283 AD2d 415, 416; see, Martinez v City of New York, 276 AD2d 756, 757; Moriello v Stormville Airport Antique Show & Flea Mkt., 271 AD2d 664).

Finally, we agree with the appellants that the action insofar as asserted against each of them was frivolous, in that "the action * * * was commenced or continued in bad faith without any reasonable basis in law or fact" (CPLR 8303-a [c] [ii]). Therefore, the Supreme Court should have awarded them costs and attorney's fees pursuant to CPLR 8303-a. Friedmann, J.P., Smith, Adams and Cozier, JJ., concur.