■ HANNELORE HOTHAN et al., Respondents, v HERMAN MILLER, INC., Appellant, and BFI/SPECMARK, INC., et al., Respondents. [742 NYS2d 104] —In an action to recover damages for personal injuries, etc., the defendant Herman Miller, Inc., appeals from so much of an order of the Supreme Court, Queens County (Thomas, J.), dated April 6, 2001, as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The plaintiff Hannelore Hothan allegedly was injured when the work surface portion of her height adjustable workstation collapsed on her hand. The workstation consisted of four component parts manufactured by three different companies. The work surface was manufactured by the appellant, Herman Miller, Inc., a file drawer and book bin were manufactured by the defendant Symbiote, Inc., and the base was manufactured by a German company known as Krause and was supplied by Hafele America Company (hereinafter Hafele). The base contained a mechanism that could be used to adjust the height of the workstation. Hothan's employer, Swissair Transport (hereinafter Swissair), ordered the height adjustable workstations from the defendant BFI/Specmark, Inc. (hereinafter Specmark). Specmark, in turn, consulted with the appellant, which recommended that the base be purchased from Hafele.

Hothan and her husband commenced this action against the appellant, Specmark, and Symbiote asserting causes of action sounding in, among other things, negligence and strict products

liability for defective design and manufacture. The appellant cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The appellant established its entitlement to judgment as a matter of law by demonstrating that it did not design or manufacture the workstation, but only manufactured the work surface, that there was no defect in the work surface, and that it did not install the workstation. Larry Ruster, an employee of the appellant, stated in an affidavit that approximately three months after Hothan's accident, he went to the Swissair office with representatives from Hafele and Specmark. He inspected several of the workstations and found that the height adjustment mechanisms in the support bases were not functioning and were not properly adjusted, possibly due to improper installation. He and the others followed the written instructions provided by Krause and were able to correctly adjust and operate the mechanism.

In opposition to the appellant's prima facie showing of entitlement to summary judgment, the plaintiffs submitted a conclusory affidavit from the former owner and president of Specmark which was insufficient to raise a triable issue of fact. Consequently, the Supreme Court should have granted the appellant's cross motion (see Alvarez v Prospect Hosp., 68 NY2d 320). Santucci, J.P., Altman, McGinity and Adams, JJ., concur.