■ MICHAEL SASSON et al., Appellants, v SETINA MANUFACTURING COMPANY, INC., Respondent, et al., Defendant. [810 NYS2d 500]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (McCarty III, J.), entered January 26, 2005, as granted the motion of the defendant Setina Manufacturing Company, Inc., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Michael Sasson allegedly was seriously injured while on duty with the New York Police Department (hereinafter NYPD) when his patrol vehicle was struck by another vehi-

cle and the deployment of the air bag forced his head into the partition behind his seat, otherwise known as the "cage." The injured plaintiff and his wife, who asserted derivative claims, commenced this action against, inter alia, the defendant Setina Manufacturing Company, Inc., (hereinafter Setina), the alleged manufacturer of the partition. Setina moved for summary judgment dismissing the complaint insofar as asserted against it, and the Supreme Court granted the motion. We affirm.

Setina established its entitlement to judgment as a matter of law through the submission of the affidavit of its vice president who stated that none of the partitions sold by its distributors and used in New York Police Department vehicles were either the same model or type claimed by the plaintiff to have caused his injury (*see Smith v City of New York,* 133 AD2d 818, 819 [1987]; *Spallholtz v Hampton C.F. Corp.,* 294 AD2d 424 [2002]; *Hothan v Herman Miller, Inc.,* 294 AD2d 333 [2002]). In opposition, the plaintiffs failed to submit any competent evidence sufficient to raise a triable issue of fact as to whether Setina manufactured the partition in question.

Furthermore, the plaintiffs' contention that summary judgment was premature because discovery had not occurred is without merit. "A party who claims ignorance of critical facts to defeat a motion for summary judgment (*see,* CPLR 3212 [f]) must first demonstrate that the ignorance is unavoidable and that reasonable attempts were made to discover the facts which would give rise to a triable issue" (*Cruz v Otis El. Co.,* 238 AD2d 540 [1997]). Here, the plaintiffs failed to offer any evidence as to why they had not sought any records or information from the NYPD relative to the manufacturer of the allegedly defective partition in the fours years since the occurrence (*see Feis v A.S.D. Metal & Mach. Shop,* 234 AD2d 504 [1996]; *Cruz v Otis El. Co., supra*). Mere hope and speculation that additional discovery might uncover evidence sufficient to raise a triable issue of fact is not sufficient (*see Ordonez v Levy,* 19 AD3d 385, 386 [2005]; *Mazzaferro v Barterama Corp.,* 218 AD2d 643, 644 [1995]).

In light of this determination, the parties' contentions as to spoliation of evidence are academic. Florio, J.P., Skelos, Fisher and Lunn, JJ., concur.