## Xenia Liu v City of New York

2024 NY Slip Op 33076(U)

September 3, 2024

Supreme Court, New York County

Docket Number: Index No. 154480/2018

Judge: Hasa A. Kingo

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:    <u>HON. HASA A. KINGO</u>       PART        **05M**

*Justice*

------------------------------------------------------------------------------------X

XENIA LIU,

                 Plaintiff,

           - v -

THE CITY OF NEW YORK, THE NEW YORK CITY
DEPARTMENT OF TRANSPORTATION, FAIRWAY
MARKET, FAIRWAY FOOD MARKET, INC.,KIPS BAY
DEVELOPMENT LIMITED PARTNERSHIP

                 Defendant.

------------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 154480/2018 |
| MOTION DATE | 07/08/2022 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69

were read on this motion for           <u>SUMMARY JUDGMENT</u> .

Plaintiff Xenia Liu ("Plaintiff") brings this action to recover damages for personal injuries allegedly sustained from a trip and fall incident on November 30, 2017. With the instant motion, Defendant Kips Bay Owners LLC ("Kips Bay") moves for summary judgment pursuant to CPLR § 3212, seeking dismissal of the complaint and all cross-claims against it. Upon careful consideration of the motion papers, opposition, reply, and the applicable law, the motion is denied for the reasons set forth below.

## BACKGROUND

On November 30, 2017, Plaintiff alleges that she tripped and fell on a pedestrian ramp located on a median at the intersection of 2nd Avenue and East 30th Street in New York, New York. Plaintiff contends that the area was in an "unsafe, hazardous and trap-like condition," leading to her injuries.

Kips Bay owns the building located at the northwest corner of 2nd Avenue and East 30th Street, which, at the time of the incident, housed a Fairway Supermarket along with other commercial establishments such as Sherwin Williams and Bank of America. The median where the incident occurred is situated between traffic lanes on 2nd Avenue and is connected to the sidewalk abutting Kips Bay's property by a crosswalk.

## PROCEDURAL HISTORY

**154480/2018 LIU, XENIA vs. CITY OF NEW YORK**
**Motion No. 003**

**Page 1 of 4**

Plaintiff initiated this action by serving a summons and complaint dated April 30, 2018. Kips Bay answered the complaint on November 1, 2018, denying liability and asserting affirmative defenses. Co-defendant Fairway Market answered with cross-claims on August 12, 2019, but has since filed for bankruptcy, resulting in a stay that has been lifted as of August 13, 2024. The City of New York also answered with cross-claims.

To date, discovery remains incomplete. No depositions have been conducted, and no documentary evidence beyond initial pleadings and a 50-H hearing transcript has been exchanged. Plaintiff has provided a notice of claim with accompanying diagrams and photographs identifying the accident location on the median's pedestrian ramp.

## ARGUMENTS

In support of the instant motion, Kips Bay argues that it is entitled to summary judgment on the grounds that: 1.) it owes no duty to maintain or repair the median where the incident occurred, as the area does not abut its property and falls under the City's responsibility; 2.) it neither created nor had any involvement with the alleged hazardous condition on the median; 3.) the median was not constructed for Kips Bay's special use, nor did Kips Bay derive any special benefit from it; and 4.) an affidavit from Kips Bay's property manager supports these assertions, indicating no ownership, maintenance, or special use of the median by Kips Bay.

Plaintiff opposes the motion, arguing that: 1.) the motion is premature due to incomplete discovery, including the absence of depositions and documentary evidence exchange; 2.) there is a reasonable basis to believe that Kips Bay may have derived a special benefit from the median, invoking the doctrine of special use, given the median's proximity and potential to facilitate pedestrian access to Kips Bay's commercial tenants; 3.) the affidavit provided by Kips Bay is insufficient and unexamined, lacking the evidentiary weight required for summary judgment; and 4.) further discovery is necessary to explore the extent of Kips Bay's use and benefit from the median and to ascertain any involvement in its maintenance or condition.

## DISCUSSION

Under CPLR § 3212, summary judgment is a drastic remedy that should be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The movant bears the initial burden of presenting evidence sufficient to eliminate any material issues of fact. Failure to make such a prima facie showing requires denial of the motion, regardless of the sufficiency of the opposing papers (*see Alvarez v. Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v. New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Moreover, a motion for summary judgment may be denied as premature where the opposing party demonstrates that discovery is incomplete and facts essential to oppose the motion may exist but cannot yet be stated (*see* CPLR § 3212[f]; *Mason v. City of New York*, 121 AD3d 468 [1st Dept 2014]; *Blech v. West Park Presbyt. Church*, 97 AD3d 443 [1st Dept 2012]).

In the present case, discovery is undeniably incomplete. No depositions have been conducted, and critical information regarding the maintenance, use, and control of the median is

**154480/2018  LIU, XENIA vs. CITY OF NEW YORK**                    **Page 2 of 4**
**Motion No.  003**

2 of 4

[* 2]

yet to be explored. Plaintiff has not had the opportunity to depose Kips Bay's representatives, including the property manager who provided the affidavit, or to obtain relevant documents that may shed light on Kips Bay's relationship to the median.

The absence of such discovery is significant, particularly where issues of fact may arise concerning Kips Bay's potential special use or benefit derived from the median. In addition, it has not unequivocally been established that Kips Bay did not cause or create the defect in some way. Although Ben Sloan, the property manager for the building situated at the northeast corner of 2nd Avenue and East 30th Street, asserts that no one from Kips Bay ever managed or repaired the median, no tangible evidence or records have been provided to substantiate that claim beyond this self-serving proclamation. Courts have routinely held that summary judgment is inappropriate where essential facts remain within the exclusive knowledge of the moving party and have not been disclosed through discovery (*see Barreto v. Metropolitan Transp. Auth.*, 25 NY3d 426, 433 [2015]; *Jones v. American Commerce Ins. Co.*, 92 AD3d 844, 845 [2d Dept 2012]).

The crux of Kips Bay's argument rests on the assertion that it owed no duty to maintain the median where the accident occurred. Generally, adjacent property owners are not liable for defects in public streets or medians unless they have created the defect or derive a special benefit from the use of that public property.

Under the doctrine of special use, liability may be imposed upon a landowner who derives a special benefit from public property that is not common to the general public, typically arising from installation for private use and convenience (*see Kaufman v. Silver*, 90 NY2d 204, 207 [1997]; *Poirier v. City of Schenectady*, 85 NY2d 310, 315 [1995]).

In this case, the proximity of the median to Kips Bay's property and its potential role in facilitating pedestrian access to Kips Bay's commercial tenants, including the Fairway Supermarket, raises questions as to whether Kips Bay derived a special benefit from the median. The possibility that the median enhanced accessibility and increased foot traffic to Kips Bay's premises cannot be conclusively ruled out without further factual development.

Kips Bay's reliance on the property manager's affidavit to negate the creation of the defect or the notion of a purported special use is insufficient at this stage, and evinces Kip's Bay's inability to set forth a prima facie showing. The affidavit, being unexamined and self-serving, does not definitively resolve the issues at hand, especially in the absence of cross-examination and corroborating evidence (*see J.D. v Archdiocese of New York*, 214 AD3d 561 [1st Dept 2023]; *Davis v Henry*, 212 AD3d 597 [2d Dept 2023]).

Additionally, based on the current state of the record, even if Kip's Bay had made a prima facie showing, material issues of fact remain regarding: 1) whether Kip's Bay derived a special benefit from the median sufficient to impose a duty of care; 2) whether Kip's Bay was involved in the creation or maintenance of the alleged hazardous condition; and 3) the extent to which pedestrian traffic to and from Kip's Bay's property utilized the median, thereby contributing to its use and condition. These issues necessitate comprehensive discovery, including depositions, document exchanges, and possibly expert testimony, to ascertain the full scope of Kips Bay's relationship to the median and the circumstances leading to Plaintiff's accident.

154480/2018   LIU, XENIA vs. CITY OF NEW YORK
Motion No.  003

Page 3 of 4

Denying summary judgment at this juncture aligns with the principle that such motions should not be granted prematurely when essential facts are likely to be within the exclusive knowledge of the moving party and have not yet been disclosed (*see Rotuba Extruders v. Ceppos*, 46 NY2d 223, 231 [1978]; *Sasson v. Setina Mfg. Co.*, 26 AD3d 487, 488 [2d Dept 2006]).

Considering the foregoing, Defendant Kips Bay has failed to meet its burden of establishing entitlement to summary judgment as a matter of law. Notwithstanding, material issues of fact remain unresolved, and further discovery is necessary to fully and fairly adjudicate the claims.

Accordingly, it is hereby

ORDERED that Defendant Kips Bay Owners LLC's motion for summary judgment is DENIED in its entirety; and it is further

ORDERED that the parties shall proceed with discovery expeditiously in accordance with the court's scheduling orders.

This constitutes the decision and order of the court.

|  |  |
|---|---|
| **9/3/2024** | 20240903124687HKINGO1BH... |
| **DATE** | **HASA A. KINGO, J.S.C.** |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION |
|---|---|---|
|  | ☐ GRANTED ☒ DENIED | ☐ GRANTED IN PART ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE |

**154480/2018   LIU, XENIA vs. CITY OF NEW YORK**                                        **Page 4 of 4**
**Motion No.  003**

4 of 4