■ EGON H. OTTINGER, Appellant, v DAVID C. DEMPSEY et al., Respondents, et al., Defendant.—In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Westchester County (Sullivan, J.), entered March 7, 1985, which granted the cross motion of the

defendants David C. Dempsey and Thomas R. Langan for summary judgment dismissing the complaint insofar as it is asserted against them, and denied as moot the plaintiff's motions to compel the production of documents and for leave to serve an amended and supplemental complaint.

Order reversed, with costs, the plaintiff's motions granted, and the cross motion denied. The respondents' time to produce the documents demanded in the plaintiff's motion is extended until 30 days after service upon them of a copy of the order to be made hereon, with notice of entry. The amended and supplemental complaint is deemed served.

In this action, the plaintiff alleges that he consulted with Stephen A. Mishkin, a partner in the respondents' law firm, to seek his advice with regard to establishing a charitable remainder annuity trust with an institutional money manager. Following meetings with Mishkin, the plaintiff was persuaded by Mishkin to make Mishkin the trustee in place of the institution, and the plaintiff executed a trust agreement prepared by Mishkin to that effect. The plaintiff turned over to Mishkin securities with a market value of $533,750. Almost immediately thereafter, the trust assets were converted by Mishkin to his own use and dissipated.

Thereafter, the plaintiff sued the partners of the law firm other than Mishkin, individually and as copartners. In a deposition of the plaintiff, he conceded that he never met the partners Langan or Dempsey, nor did he ever receive any correspondence from them pertaining to any matter. His only contact was with Mishkin. In order to determine whether Langan or Dempsey may be held liable for Mishkin's actions, it is necessary to ascertain whether such conduct was within the ordinary course of the law firm's business (*Riley v Larocque,* 163 Misc 423; *Gerdes v Reynolds,* 28 NYS2d 622, 646, 647; Partnership Law § 20 [2]; § 24), and/or whether the law firm benefited from or ratified Mishkin's actions (*see, Matter of Lester,* 87 Misc 2d 717). Since the facts and records which could establish or negate such factors are almost exclusively within the control of the respondents, full discovery should be accorded to the plaintiff.

While there was no evidence elicited that the respondents had any contact with the plaintiff, or the plaintiff was billed by the defendant law firm, or that any money resulting from the turnover of the stock was ever deposited in the firm's regular or escrow account, the plaintiff's attempts to examine the records of the law firm were effectively limited by objec-

tions at the depositions of Dempsey and Langan. On a number of occasions during these depositions, the respondents' counsel refused to allow the plaintiff to obtain material law firm records.

Thus, this motion for summary judgment was premature in that the plaintiff's discovery was improperly curtailed by the respondents' counsel. Therefore, we deny summary judgment without prejudice to renewal after the completion of all disclosure proceedings.

In this regard, we grant the plaintiff's motion for an order directing that the defendants Dempsey and Langan produce for discovery and inspection by the plaintiff those documents requested by the plaintiff pursuant to his notice and those requested during the course of the examination before trial of the defendants Dempsey and Langan. Further, we note that the plaintiff should be afforded the opportunity to conduct such additional depositions of the respondents as may be required with respect to the documents produced.

Finally, we grant the plaintiff's motion for leave to serve the proposed "amended and supplemental complaint" joining "Barry H. Singer, as Successor Trustee" as an additional plaintiff in this lawsuit. Mangano, J. P., Gibbons, Bracken and Spatt, JJ., concur.