■ WALTER BARON et al., Respondents, v INCORPORATED VILLAGE OF FREEPORT, Appellant.—In a negligence action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (Brucia, J.), dated September 17, 1987, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Walter Baron alleges that on November 8, 1985, he tripped over a raised section of a parking lot owned by the defendant, thus sustaining serious injuries. Subsequent to joinder of issue, a preliminary conference order scheduled the deposition of the defendant for February 10, 1987. At the request of the defendant, this was adjourned a number of times, the last being from April 22, 1987 to June 3, 1987. However, by notice of motion dated May 7, 1987, the defendant moved for summary judgment on the grounds that there was no prior written notice of the defect and that the parking lot was constructed by independent contractors.

It is well established that where facts essential to justify opposition to a motion for summary judgment are exclusively within the knowledge and control of the movant, summary

judgment may be denied *(see, Krupp v Aetna Life & Cas. Co.,* 103 AD2d 252, 262). This is especially so where the opposing party has not had a reasonable opportunity for disclosure prior to the making of the motion *(see, Rensco Fed. Credit Union v Hooley,* 132 AD2d 842, 843). In this case, the court correctly denied the defendant's motion for summary judgment "in that the plaintiff's discovery was improperly curtailed by the [defendant's] counsel" *(Ottinger v Dempsey, 122 AD2d 125, 127; see also, Zimmerman v New York City Tr. Auth.,* 115 AD2d 477; *Government Employees Ins. Co. v Desiderio,* 104 AD2d 791).

We have considered the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Weinstein, Kooper and Balletta, JJ., concur.