■ JOLLY CAPLASH, Respondent, v ROCHESTER ORAL & MAXILLOFACIAL SURGERY ASSOCIATES, LLC, Defendant, and MOHAMMED SALAHUDDIN, Appellant. [851 NYS2d 769]—

Appeal from an order (denominated order and judgment) of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), entered December 27, 2006. The order, among other things, granted the motion of defendant Mohammed Salahuddin and the cross motion of plaintiff for the dissolution of defendant Rochester Oral & Maxillofacial Surgery Associates, LLC.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is deemed withdrawn, the appointment of a receiver is vacated and the matter is remitted to Supreme Court, Monroe County, for a hearing in accordance with the following memorandum: On appeal from an order that, inter alia, granted the motion of Mohammed Salahuddin (defendant) for the dissolution of defendant Rochester Oral & Maxillofacial Surgery Associates, LLC (hereafter, company), defendant contends that Supreme Court erred in refusing to permit him to withdraw his motion. We agree. Defendant conveyed his intent to withdraw his motion in papers that were filed with the court and served upon plaintiff's counsel prior to the return date of the motion, and it does not appear on the record before us that plaintiff contended that defendant failed to withdraw his motion in a timely fashion (*cf. Wallace v Ford*, 44 Misc 2d 313, 314 [1964]).

We further agree with defendant that the court erred in summarily granting plaintiff's cross motion for, inter alia, dissolution of the company pursuant to Limited Liability Company Law § 702. That section provides in relevant part that "[o]n application by or for a member, the supreme court . . . may decree dissolution of a limited liability company whenever it is not reasonably practicable to carry on the business in conformity with the articles of organization or operating agreement." Although plaintiff met his burden on the cross motion by establishing that it was not reasonably practicable to carry on the business in conformity with the operating agreement (*see Matter of Extreme Wireless*, 299 AD2d 549 [2002]), we conclude that defendant raised an issue of fact whether plaintiff was a member of the company within the meaning of the statute (*see Matter of Roller [W.R.S.B. Dev. Co.]*, 259 AD2d 1012 [1999]; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). De-

fendant submitted a letter from plaintiff to the company indicating that plaintiff was resigning as an employee of the company, and he also submitted a letter from an attorney who purported to accept plaintiff's resignation on behalf of the company. The company operating agreement unequivocally provides for the termination of membership in the event of the termination of a member's employment with the company, and plaintiff's employment agreement specifies that "This Agreement shall terminate . . . at any time by mutual agreement in writing by Employer and Employee." The record does not disclose the circumstances under which the attorney came to represent the company and whether such representation was authorized by the operating agreement. We thus conclude that there is an issue of fact whether plaintiff has standing to seek dissolution. We therefore reverse the order, deem defendant's motion withdrawn, vacate the appointment of a receiver and remit the matter to Supreme Court for a hearing to determine that issue (see *Matter of Kaufmann*, 225 AD2d 775, 776 [1996]). Present—Scudder, P.J., Gorski, Lunn, Fahey and Peradotto, JJ.