■ HELEN GRUENFELD et al., Respondents, v CITY OF NEW ROCHELLE, Appellant, and NEW ROCHELLE YMCA, Respondent. [900 NYS2d 144]—

In an action to recover damages for personal injuries, etc., the defendant City of New Rochelle appeals from an order of the Supreme Court, Westchester County (Smith, J.), dated February 18, 2009, which denied, as premature, its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, without prejudice to renewal following the completion of discovery.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff Helen Gruenfeld (hereinafter the plaintiff) allegedly tripped and fell as a result of stepping into a depression located in the sidewalk on Bayard Street in the City of New Rochelle. Thereafter, the plaintiff and her husband, suing derivatively, commenced the present action, naming as defendants the City of New Rochelle and New Rochelle YMCA (hereinafter YMCA), the abutting property owner. The City moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it on the grounds, among others, that it never received prior written notice of the alleged defect, as required by New Rochelle City Charter, article XII, § 127A, and that none of the exceptions to the prior written notice requirement applied. Given that no discovery had yet been conducted, the Supreme Court denied the City's motion as premature, without prejudice to renewal following the completion of discovery. We affirm.

The Supreme Court correctly determined that the plaintiffs and the YMCA should have been afforded an opportunity to conduct discovery prior to the award of summary judgment in favor of any of the parties (see CPLR 3212 [f]; Elliot v County of Nassau, 53 AD3d 561, 563 [2008]). Mastro, J.P., Fisher, Belen and Austin, JJ., concur.