■ CHRISTOPHER JAMES, Respondent, v AIRCRAFT SERVICE INTERNATIONAL GROUP, Appellant, and COMMAND SECURITY CORP., Doing Business as AVIATION SAFEGUARDS, et al., Defendants. (And a Third-Party Action.) [924 NYS2d 114]—

In an action to recover damages for personal injuries, the defendant Aircraft Service International Group appeals from so much of an order of the Supreme Court, Queens County (Grays, J.), entered April 29, 2010, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it without prejudice to renew after the completion of discovery.

Ordered that the order is affirmed insofar as appealed from, with costs.

In April 2006, after performing cleaning services inside an airplane at JFK International Airport (hereinafter JFK), the plaintiff allegedly sustained personal injuries when he fell from the doorway of the stationary airplane. The plaintiff alleged that the incident occurred when the cargo carrier/truck that had been lifted to the side of the airplane for him to disembark moved, causing him to fall to the ground below. The plaintiff claimed that this cargo carrier/truck was operated by an employee of the defendant Aircraft Service International Group (hereinafter the appellant) and displayed the appellant's decal.

Prior to any discovery being conducted, the appellant moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court, inter alia, denied the motion without prejudice to renew after the completion of discovery. We affirm the order insofar as appealed from.

"A party opposing summary judgment is entitled to obtain further discovery when it appears that facts supporting the opposing party's position may exist but cannot then be stated" (*Matter of Fasciglione*, 73 AD3d 769, 770 [2010]; *see* CPLR 3212 [f]; *Family-Friendly Media, Inc. v Recorder Tel. Network*, 74 AD3d 738, 739 [2010]; *Juseinoski v New York Hosp. Med. Ctr. of Queens*, 29 AD3d 636, 637 [2006]). "This is especially so where the opposing party has not had a reasonable opportunity for disclosure prior to the making of the motion" (*Baron v Incorporated Vil. of Freeport*, 143 AD2d 792, 793 [1988]; *see Aurora Loan Servs., LLC v LaMattina & Assoc., Inc.*, 59 AD3d 578 [2009]). Here, the appellant moved for summary judgment dismissing the complaint insofar as asserted against it prior to the exchange of any discovery. Under the circumstances of this case, the Supreme Court properly denied the appellant's motion for summary judgment dismissing the complaint insofar as asserted against it without prejudice to renewal after the completion of discovery.

The parties' remaining arguments either are without merit or need not be reached in light of our determination. Rivera, J.P., Dickerson, Hall and Cohen, JJ., concur.