■ DYLAN JONES, Respondent, v AMERICAN COMMERCE INSURANCE COMPANY, Appellant. [939 NYS2d 115]—

The plaintiff allegedly sustained serious injuries after his motorcycle, which he was operating on eastbound Pound Ridge Road at or near its intersection with Pine Brook Road in the Town of Bedford, was struck by an uninsured vehicle operated by nonparty Allby Morales. At the time of the accident, the plaintiff's insurance policy with the defendant provided, inter alia, uninsured/underinsured motorist coverage and allowed the

plaintiff to pursue a claim for pain and suffering against the defendant up to the stated policy limits. In January 2011, the plaintiff commenced this action against the defendant to recover uninsured motorist benefits and issue was joined in March 2011. By service of a notice of motion dated May 25, 2011, prior to any discovery being conducted, the plaintiff moved for summary judgment on the issue of liability. The Supreme Court granted the motion. The defendant appeals and we reverse.

CPLR 3212 (f) provides, in relevant part, that a court may deny a motion for summary judgment "[s]hould it appear from affidavits submitted in opposition to the motion that facts essential to justify opposition may exist but cannot then be stated" (CPLR 3212 [f]; *see James v Aircraft Serv. Intl. Group*, 84 AD3d 1026, 1027 [2011]; *Juseinoski v New York Hosp. Med. Ctr. of Queens*, 29 AD3d 636, 637 [2006]). " 'This is especially so where the opposing party has not had a reasonable opportunity for disclosure prior to the making of the motion' " (*James v Aircraft Serv. Intl. Group*, 84 AD3d at 1027, quoting *Baron v Incorporated Vil. of Freeport*, 143 AD2d 792, 793 [1988]; *see Dietrich v Grandsire*, 83 AD3d 994 [2011]). Here, the plaintiff moved for summary judgment on the issue of liability prior to the exchange of any discovery. Since the defendant had no personal knowledge of the relevant facts (*cf. Deleg v Vinci*, 82 AD3d 1146 [2011]), it should be afforded the opportunity to conduct discovery, including depositions of the plaintiff, the operator of the uninsured vehicle, and an eyewitness identified in the police accident report (*see Gardner v Cason, Inc.*, 82 AD3d 930, 931 [2011]).

Accordingly, the Supreme Court should have denied the plaintiff's motion for summary judgment on the issue of liability, with leave to renew upon the completion of discovery (*see Dietrich v Grandsire*, 83 AD3d at 994; *Gardner v Cason, Inc.*, 82 AD3d at 931; *cf. Gruenfeld v City of New Rochelle*, 72 AD3d 1025, 1026 [2010]).

The plaintiff's remaining contentions are rendered academic by our determination. Dillon, J.P., Florio, Chambers and Lott, JJ., concur.