OPINION OF THE COURT
Robert J. McDonald, J.
Upon a motion by plaintiff Michael R. Toppin for summary judgment on the issue of liability as against Church of God of St. Albans, Mike’s Contracting Building and Development Corp., and Harold E. Gebhard, A.I.A., and cross motion by defendant Miltiadis Leptourgos for summary judgment in his favor pursuant to CPLR 3212, it is ordered that the motion is granted and the cross motion is denied, as premature, with leave to renew.
This is an action to recover for damages sustained to property owned by plaintiffs, located at 223-05 Hempstead Avenue, Queens Village, New York. The damages at issue occurred between July and September of 2009. Plaintiff Michael R. Toppin is the owner of a building located at 223-05 Hempstead Avenue *276 in Queens. Plaintiff Toppin & Toppin, Attorneys at Law is a commercial tenant operating a law firm in the building. The adjacent property, 223-07 Hempstead Avenue, is owned by defendant Church of God of St. Albans. In 2009, the Church of God began the construction of a two-story church building on site. The Church of God hired defendant Euro Deco Management Corp. as the project’s general contractor, and hired defendant Mike’s Contracting Building and Development Corp., and First New York Construction, to excavate the site.
As the excavation progressed, 223-05 Hempstead Avenue sustained severe damage as a result of improper and deficient sheeting, shoring and underpinning. On September 25, 2009, the Department of Buildings (DOB) found that there were problems with the excavation and on September 29, 2009, issued a full vacate order directing plaintiffs to vacate their property. Plaintiffs commenced an action against the various parties, claiming that defendants were negligent and strictly liable under, inter alia, former Administrative Code of the City of New York § 27-1031 (b) (1) for causing damage to 223-05 Hempstead Avenue. Plaintiff Michael R. Toppin moves for summary judgment in his favor on the issue of liability as against defendants Church of God, Mike’s Contracting and Harold E. Gebhard, A.I.A. on the ground that violation of former section 27-1031 (b) (1) of the Administrative Code is absolute evidence of liability. Defendants oppose the motion on the ground that they took adequate precautions against damage to the adjacent property, and otherwise contend that the motion is premature. Defendant Miltiadis Leptourgos cross-moves for summary judgment in his favor on the ground that his post-damage architectural plans were not used at all in the project and thus he bears no liability for any damage to 223-05 Hempstead Avenue. The cross motion is opposed.
Facts
Construction work at the Church of God property began in June or July of 2009. During the course of said construction activities, plaintiffs’ property sustained damage as a result of improper and deficient sheeting, shoring and underpinning operations. As a result of the damage, the DOB issued an order, on or about September 25, 2009, directing the plaintiffs to vacate their property. Once the DOB issued the full vacate order, all construction activities on the Church of God property ceased.
In an effort to resolve the problem, the Church of God thereafter retained Leptourgos, a professional engineer, for the *277 purpose of designing proposed remedial plans and procedures to attempt to remedy plaintiffs’ structurally-compromised foundation, and to allow the Church of God construction to resume. Leptourgos prepared engineering plans, dated June 26, 2010, for the implementation of structural and foundation work to be performed on the Church of God property while also addressing plaintiffs’ foundation. As plaintiffs’ property was affected by the proposed work, plaintiffs’ consent was required. Plaintiffs did not consent to any work being done on their property.
As a result of plaintiffs’ refusal to consent to the work, the Church of God sought alternative methods of preserving plaintiffs’ property while still enabling it to continue with its own excavation/construction activities. In furtherance thereof, the Church of God had Leptourgos design engineering plans and procedures for remedial work to be performed without involving plaintiffs’ property.
On or about October 6, 2010, Leptourgos submitted his revised application to the DOB. Within his submission, Leptourgos specifically noted that “this application is necessitated due to previous improper construction procedures resulting in the collapse of the cellar concrete slab located at 223-05 Hempstead Avenue” (plaintiffs’ property).
On or about January 11, 2011, Leptourgos submitted an amended application to the DOB. The amended application, stamped by the DOB on February 2, 2011, supplemented Leptourgos’ initial application by including additional alternatives. Following the submission of Leptourgos’ amended application to the DOB, but prior to the commencement of any remedial work being performed on site, Versatile Engineering, EC. submitted its own application to the DOB, dated March 11, 2011, with proposed engineering plans for the same project. Versatile’s application to the DOB stated that its plans will “[s]uperseade [sic] old applicant with new applicant and new filing rep, Amend Flans.” Following Versatile’s submission, but prior to the commencement of any remedial work being performed on site, Rizwan Salam, EE. submitted his own proposed remedial plans to the DOB for the same project. Specifically, Salam submitted four different sets of remedial engineering plans dated June 8, 2011; June 29, 2011; August 1, 2011; and August 3, 2011, respectively. Ultimately, the Church of God chose Salam’s remedial engineering plans and drawings as the ones to be implemented for the continued construction at the premises.
*278 Motion by Toppin
Toppin moves for summary judgment in his favor on the issue of liability as against defendants Church of God, Mike’s Contracting and Harold E. Gebhard, A.I.A. on the ground that violation of former section 27-1031 (b) (1) of the Administrative Code is absolute evidence of liability. “As a rule, violation of a State statute that imposes a specific duty constitutes negligence per se, or may even create absolute liability. By contrast, violation of a municipal ordinance constitutes only evidence of negligence” (Elliott v City of New York, 95 NY2d 730, 734 [2001] [citations omitted]). The Court of Appeals has, “however, acknowledge [d] that certain sections of the Administrative Code have their origin in State law and, as such, they might be entitled to statutory treatment in tort cases” (id. at 736 [citation omitted]). Thus, “[i]n analyzing whether a violation of [an] Administrative Code section should be viewed as negligence per se or as some evidence of negligence, [the court shall] consider the origin of [the] provision” (id. at 733).
Former Administrative Code of the City of New York § 27-1031 (b) (1) provides:
“When an excavation is carried to a depth more than ten feet below the legally established curb level the person who causes such excavation to be made shall, at all times and at his or her own expense, preserve and protect from injury any adjoining structures, the safety of which may be affected by such part of the excavation as exceeds ten feet below the legally established curb level provided such person is afforded a license to enter and inspect the adjoining buildings and property.”
The provision originated from an 1855 special law (see NY Const, art IX, § 3 [d] [4]) that created a duty to protect neighboring landowners in “the city and county of New-York” and the “city of Brooklyn” from harm arising from excavation work where none had existed at common law (L 1855, ch 6, § 1). In effect, the statute, as enacted, shifted the burden of protecting against harm from the landowner to the excavator. In Dorrity v Rapp (72 NY 307 [1878]), the Court of Appeals characterized the statute as imposing absolute liability, stating:
“The primary object of the statute[ ] was to cast upon the party making an excavation on his land, exceeding ten feet in depth, the risk of injury resulting therefrom to the wall of an adjoining owner, and the burden of protecting it. The liability imposed is *279 not made to depend upon the degree of care exercised by the person making the excavation. When the facts bring the case within the statute, the duty and liability which the statute imposes is absolute and unqualified” (id. at 311 [emphasis added]).
The original statute was subsequently reenacted under the Consolidation Act of 1882 (see L 1882, ch 410, § 474). In 1899, the law was recodified as a municipal ordinance in section 22 of the New York City Building Code, which, in turn, was later incorporated into the Administrative Code as section C26-385.0 (a) . In 1968, section C26-385.0 (a) was recodified as section C261903.1 (b) (1), and in 1985, that section became section 27-1031 (b) (1). Even after its recodification as a local law, however, New York courts continued to treat the provision as a strict liability statute (see Hart v City Theatres Co., 215 NY 322, 325-326 [1915]; Racine v Morris, 201 NY 240, 244 [1911]; Post v Kerwin, 133 App Div 404, 405-406 [2d Dept 1909]; Victor A. Harder Realty & Constr. Co. v City of New York, 64 NYS2d 310, 317-318 [Sup Ct, NY County 1946]).
Following this logic, the Court of Appeals recently in Yenem Corp. v 281 Broadway Holdings (18 NY3d 481, 490-491 [2012]) declined to depart from the above interpretation of former section 27-1031 (b) (1), stating that
“not every municipal ordinance with state law roots is entitled to statutory treatment, but section 27-1031 (b) (1) is unique. Its language and purpose are virtually identical, in all relevant aspects, to those of its state law predecessors. Indeed . . . ‘neither the wording nor the import of the statute was materially or substantively altered’ either upon its recodification as a local law or in the century thereafter (see Yenem Corp., 76 AD3d at 239). Even more important, its original purpose of shifting the risk of injury from the injured landowner to the excavator of adjoining land has remained constant over the years. To hold that a violation of the provision is only ‘evidence of negligence’ would thus defeat the legislation’s basic goal. Though formerly a state law and now a local ordinance, section 27-1031 (b) (1) continues to embody the specific legislative policy that in New York City those who undertake excavation work, rather than those whose interest in neighboring land is harmed by it, should bear its costs.”
Section 27-1031 (b) (1) was repealed effective July 1, 2008, and *280 its equivalent provision is now contained in the New York City-Building Code (Administrative Code, tit 28, ch 7, art 701, ch 33) § BC 3309.4. The new equivalent provision, “Excavation or filling operations affecting adjoining property/’ contains equivalent language except that the 10-foot depth requirement of the former provision has been removed. The new code also requires that no excavation work to a depth of 5 to 10 feet within 10 feet of an adjacent building or excavation over 10 feet anywhere on the site shall commence until the excavator documents the existing condition of all adjacent buildings in a pre-construction survey.
 Finding no case law on the question of whether there is absolute liability under the new section BC 3309.4, this court adheres to the reasoning found in Yenem relative to its predecessor provision (former § 27-1031 [b] [1]). The language and purpose of section BC 3309.4 are virtually identical to former section 27-1031 (b) (1) in all relevant aspects. Thus, plaintiff is entitled to summary judgment as against the Church of God and Mike’s.
The court rejects defendants’ contention that the building’s (223-05 Hempstead) allegedly poor condition raises an issue of fact as to causation. Though certainly relevant to any measure of damages, consideration of the building’s prior condition does not factor into a proximate cause analysis under section BC 3309.4.
Section BC 3309.4 of the Building Code applies to any person “who causes an excavation” to be made. Here, the record reveals that defendant Gebhard also caused the excavation to be made. During his testimony at the September 19, 2011 hearing, Mr. Gebhard testified that Mike’s did not follow Gebhard’s excavation plan, which called for excavation (and underpinning) under the Toppins’ property. The fact that Mike’s did not follow the underpinning plan as provided by Gebhard does not relieve Gebhard of liability inasmuch as Gebhard planned for excavation to occur under the Toppins’ property. The issue of damages will take into account each party’s portion of liability. Thus, Toppin is entitled to summary judgment as against Gebhard also.
Furthermore, defendants’ contention that summary judgment is premature because discovery is not complete is without merit. A summary judgment motion may not be defeated by a claim of unconducted discovery unless the opponent has made a showing of reasonable attempts at discovery and that discoverable facts *281 would give rise to a triable issue (Sasson v Setina Mfg. Co., Inc., 26 AD3d 487 [2006]; Cruz v Otis El. Co., 238 AD2d 540 [1997]).
Accordingly, the motion by Toppin for summary judgment in his favor is granted.
Cross Motion
The cross motion is denied as premature, with leave to renew, because discovery relevant to the instant cross motion has not been completed. Depositions concerning Leptourgos’ performance, if any, of any work relevant to the damage suffered by plaintiffs’ building have not been had (see CPLR 3212 [f]).
CPLR 3212 (f) provides, in relevant part, that a court may deny a motion for summary judgment “[s]hould it appear from affidavits submitted in opposition to the motion that facts essential to justify opposition may exist but cannot then be stated” (see James v Aircraft Serv. Intl. Group, 84 AD3d 1026, 1027 [2011]; Juseinoski v New York Hosp. Med. Ctr. of Queens, 29 AD3d 636, 637 [2006]). “ ‘This is especially so where the opposing party has not had a reasonable opportunity for disclosure prior to the making of the motion’ ” (James v Aircraft Serv. Intl. Group, 84 AD3d at 1027, quoting Baron v Incorporated Vil. of Freeport, 143 AD2d 792, 793 [1988]; see Dietrich v Grandsire, 83 AD3d 994 [2011]). Here, Leptourgos cross-moved for summary judgment prior to the exchange of any discovery. Leptourgos stated in his affidavit that he was “never contacted by the Church of God or any of the contractors on site relative to the implementation of [his] plans.” However, since defendant Church of God has not been deposed, it is unclear whether Leptourgos’ plans were utilized, to any degree, during the construction on the Church of God property. Since the plaintiffs have no personal knowledge of the relevant facts (cf. Deleg v Vinci, 82 AD3d 1146 [2011]), they should be afforded the opportunity to conduct discovery, including depositions of the various defendants (see Gardner v Cason, Inc., 82 AD3d 930, 931 [2011]).
Accordingly, the cross motion by Leptourgos for summary judgment in his favor is denied, with leave to renew upon the completion of discovery (see Dietrich v Grandsire, 83 AD3d at 994; Gardner v Cason, Inc., 82 AD3d at 931; cf. Gruenfeld v City of New Rochelle, 72 AD3d 1025, 1026 [2010]).