■ ANTOINE M. JOHNSON et al., Respondents, v RANDY P. RICHARDSON, Defendant, and U-HAUL COMPANY OF ARIZONA, Appellant. [991 NYS2d 357]—

In an action to recover damages for personal injuries, the defendant U-Haul Company of Arizona appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Martin, J.), dated December 21, 2012, as, upon reargument, vacated the determination in an order of the same court dated February 28, 2012, denying the plaintiffs' motion for summary judgment on the issue of liability, and thereupon granted the plaintiffs' motion.

Ordered that the order dated December 21, 2012, is reversed insofar as appealed from, on the law, with costs, and, upon reargument, the determination in the prior order dated February 28, 2012, denying the plaintiffs' motion for summary judgment on the issue of liability is adhered to.

This action arises from an automobile accident that occurred near the intersection of Bedford Avenue and Brevoort Place in Brooklyn. A vehicle owned by the defendant U-Haul Company of Arizona (hereinafter U-Haul) and operated by the defendant Randy P. Richardson collided with a vehicle owned and operated by the plaintiff Antoine M. Johnson, in which the other plaintiffs were passengers. The plaintiffs commenced this action to recover damages for personal injuries. Prior to pretrial discovery, the plaintiffs moved for summary judgment on the issue of liability. In an order dated February 28, 2012, the Supreme Court, inter alia, denied the plaintiffs' motion, with leave to renew upon the completion of discovery.

Prior to the completion of discovery, the plaintiffs moved for leave to reargue their motion for summary judgment on the issue of liability. In the order appealed from, the Supreme Court granted leave to reargue, and, upon reargument, inter alia, granted the plaintiffs' motion for summary judgment on the issue of liability. U-Haul appeals.

"A party opposing summary judgment is entitled to obtain further discovery when it appears that facts supporting the opposing party's position may exist but cannot then be stated" (*James v Aircraft Serv. Intl. Group*, 84 AD3d 1026, 1027 [2011] [internal quotation marks omitted]; *see* CPLR 3212 [f]; *Wesolowski v St. Francis Hosp.*, 108 AD3d 525, 526 [2013]; *Jones v American Commerce Ins. Co.*, 92 AD3d 844, 845 [2012]; *Juseinoski v New York Hosp. Med. Ctr. of Queens*, 29 AD3d 636, 637 [2006]). "This is especially so where the opposing party has not had a reasonable opportunity for disclosure prior to the making of the motion" (*Baron v Incorporated Vil. of Freeport*, 143 AD2d 792, 793 [1988]; *see Wesolowski v St. Francis Hosp.*, 108 AD3d at 526; *James v Aircraft Serv. Intl. Group*, 84 AD3d at 1027).

Here, the plaintiffs' motion for leave to reargue was made prior to the parties conducting depositions. U-Haul asserts that the accident was "staged" by the plaintiffs and Richardson, and, thus, U-Haul was not liable for negligence. Since U-Haul had no personal knowledge of the relevant facts, it should be afforded the opportunity to conduct discovery, including depositions of the plaintiffs and the defendant Richardson. Accordingly, it was premature to award summary judgment at this stage of the action (*see Wesolowski v St. Francis Hosp.*, 108 AD3d at 526; *Jones v American Commerce Ins. Co.*, 92 AD3d at 845; *Gardner v Cason, Inc.*, 82 AD3d 930, 931-932 [2011]; *Adler v City of New York*, 52 AD3d 549, 549-550 [2008]). Balkin, J.P., Leventhal, Maltese and LaSalle, JJ., concur.