■ PIERCE E. MOTTLEY, JR., Appellant, v KEVIN WALKER, SR., Defendant, and NEWTOWN JETS, LLC, et al., Respondents. ELIZABETH L. CALVIN, Respondent. [6 NYS3d 271]—

In an action, inter alia, pursuant to RPAPL article 15 to compel the determination of claims to certain real property, the plaintiff appeals, as limited by his brief, (1) from so much of an order of the Supreme Court, Kings County (Martin, J.), entered December 21, 2012, as granted the separate cross motions of the defendants Wells Fargo Bank, N.A., and Sovereign Bank for summary judgment dismissing the complaint insofar as asserted against each of them, and granted the cross motion of the former defendant, Elizabeth L. Calvin, the predecessor in interest of the defendant Newtown Jets, LLC, for summary judgment dismissing the complaint insofar as asserted against her and on her first counterclaim for a judgment declaring that she acquired title to the subject real property by adverse possession, and (2) from so much an order of the same court dated August 26, 2013, as, in effect, upon reargument, adhered to the determination made in the order entered December 21, 2012, granting the cross motions.

Ordered that the appeal from the order entered December 21, 2012, is dismissed, as that order was superseded by the order dated August 26, 2013, made upon reargument; and it is further,

Ordered that the order dated August 26, 2013, is reversed insofar as appealed from, on the law, upon reargument, so much of the order entered December 21, 2012, as granted the separate cross motions of the defendants Wells Fargo Bank, N.A., and Sovereign Bank for summary judgment dismissing

the complaint insofar as asserted against each of them, and granted the cross motion of the former defendant, Elizabeth L. Calvin, the predecessor in interest of the defendant Newtown Jets, LLC, for summary judgment dismissing the complaint insofar as asserted against her and on her first counterclaim for a judgment declaring that she acquired title to the subject real property by adverse possession is vacated, and those cross motions are denied as premature, without prejudice to renewal following the completion of discovery; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

In February, 2011, the plaintiff commenced this action to quiet title to the subject real property against four defendants: Kevin Walker, Sr. (hereinafter Walker), who allegedly forged the decedent's signature on a deed dated January 11, 1996, and recorded on January 21, 1998, purportedly conveying the property from the decedent to Walker; Elizabeth L. Calvin, who allegedly acquired title to the property by deed dated June 12, 1999, and recorded on September 30, 1999; and Wells Fargo Bank, N.A. (hereinafter Wells Fargo), and Sovereign Bank, which held mortgages on the property. After the plaintiff moved pursuant to CPLR 3215 for leave to enter judgment against Walker upon his failure to appear or answer the complaint, Wells Fargo and Sovereign Bank separately cross-moved for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the action was time-barred. Calvin also cross-moved for summary judgment dismissing the complaint insofar as asserted against her and on her first counterclaim for a judgment declaring that she acquired title to the property by adverse possession. The plaintiff opposed the cross motions, arguing, among other things, that they were premature, as no discovery had been conducted. The Supreme Court denied the plaintiff's motion and granted the various cross motions. Upon reargument, the Supreme Court granted the plaintiff's motion pursuant to CPLR 3215 for leave to enter judgment against Walker, but adhered to its prior determination granting the cross motions.

During the pendency of the appeals, Calvin conveyed her interest in the property to Newtown Jets, LLC (hereinafter Newtown), and by decision and order on motion dated January 30, 2014, this Court granted Newtown's motion to be substituted for Calvin as a defendant.

A party should be afforded a reasonable opportunity to conduct discovery prior to the determination of a motion for summary judgment (*see Malester v Rampil*, 118 AD3d 855 [2014]; *Video Voice, Inc. v Local T.V., Inc.*, 114 AD3d 935 [2014]).

Here, in opposition to the cross motions, the plaintiff demonstrated that facts essential to his opposition were exclusively within the knowledge and control of the cross movants (*see* CPLR 3212 [f]; *Singh v Avis Rent A Car Sys., Inc.*, 119 AD3d 768 [2014]). Accordingly, upon reargument, the Supreme Court should have denied the cross motions as premature, without prejudice to renewal upon the completion of discovery (*see Johnson v Richardson*, 120 AD3d 767 [2014]; *Skoczek v Delgado*, 115 AD3d 844 [2014]; *Wesolowski v St. Francis Hosp.*, 108 AD3d 525 [2013]).

In light of our determination, we need not address the plaintiff's remaining contentions. Dillon, J.P., Leventhal, Sgroi and Hinds-Radix, JJ., concur.