Ferrari v Netrosio (2024 NY Slip Op 50581(U))

[*1]

Ferrari v Netrosio

2024 NY Slip Op 50581(U)

Decided on May 16, 2024

Supreme Court, Queens County

Caloras, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 16, 2024
Supreme Court, Queens County

Gabriel Ferrari, Plaintiff,

against
Nicholas Gerard Netrosio, and S. L. BENFICA TRANSPORTATION, INC., Defendant.

Index No. 725252/2023

ATTORNEYS FOR PLAINTIFFS: 
Law Office of Boris H. Linares, P.C.
47-40 21st Street, Suite 904 9th Floor, Suite 904
Long Island City, NY 11101
Emails: 
support&commat;bhllaw.com
blinares&commat;bhllaw.com
eliana&commat;bhllaw.com
ATTORNEYS FOR DEFENDANT:
SEAN ANTHONY LATELLA of the firm O'CONNOR REDD ORLANDO, LLP
242 King St, Port Chester, NY 10573
Emails:
slatella&commat;oconnorlawfirm.com
rsmith&commat;oconnorlawfirm.com

Robert I. Caloras, J.

The following e-filed documents, listed by NYSCEF document number (Motion 001) 8, 9, 10, 11, 12, 13, 14, 16, 17 were read on this motion for an Order pursuant to CPLR § 3212 granting Plaintiff, GABRIEL FERRARI, Summary Judgment against Defendants, NICHOLAS GERARD NESTROSIO and S.L. BENFICA TRANSPORTATION, INC., on the issue of liability and dismissing affirmative defenses of Defendants, NICHOLAS GERARD NESTROSIO and S.L. BENFICA TRANSPORTATION, INC., alleging comparative negligence, contributory negligence, and culpable conduct of Plaintiff, GABRIEL FERRARI.
Upon the foregoing documents, the motion by plaintiff GABRIEL FERRARI ("Ferrari") is decided as follows:
According to the complaint, on November 10, 2023, the vehicle operated by non-party ANDREAS CHRONIS ("Chronis"), in which Ferrari was a seat-belted passenger, was hit by the vehicle operated by defendant NICHOLAS GARARD NETROSIO ("Netrosio"), with the permission of defendant S.L. BENFICA TRANSPORTATION INC., on I495 at or near the Little Neck Parkway, County of Nassau, State of New York.
Plaintiff Ferrari now moves for summary judgment on the issue of liability and to dismiss defendants' affirmative defenses alleging comparative negligence, contributory negligence, and culpable conduct of Ferrari. In support thereof, Ferrari submits his affidavit and a copy of the certified police report. The certified police report indicated the collision involved three cars driving on I495 and occurred when "mv1[(operated by defendant Netrosio)] did strike rear of mv2 [(operated by Chronis)] which pushed mv2 into rear of mv3 [(operated by non-party ANGEL MARCELO GONZALEZ RAMON)], no injuries" (E12). In his affidavit, Ferrari stated in key part that: defendants' vehicle "struck [his] vehicle in the rear," the impact "was very heavy," and the accident caused him to "suffer multiple injuries." Plaintiff argues that based on the evidence submitted, defendants cannot establish as a matter of law a non-negligent explanation for striking in the rear the vehicle in which plaintiff was riding (mv2), and thus, their motion for summary judgment should be granted.
In opposition, defendants argue, among other things, that because paper discovery responses have not been exchanged and depositions have not yet taken place, both branches of the instant motion are premature. Defendants submit that plaintiff should be given leave to renew his motion for summary judgment on liability upon completion of party depositions, but as of the present time, plaintiff's motion should be denied. Defendants also argue that the instant motion should be denied in its entirety because Ferrari's affidavit and the certified police report contain differing statements regarding whether Ferrari was injured and to what extent.
The proponent of a summary judgment motion must tender evidentiary proof in admissible form eliminating any material issues of fact from the case (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). Once this showing has been made, the burden shifts to the non-moving party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial for resolution (see Alvarez, 68 NY2d at 320; Zuckerman v City of New York, 49 NY2d 557 [1980]). Failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
"A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (Catanzaro v Edery, 172 AD3d 995, 996 [2d Dept. 2019]; see Vehicle and Traffic Law § 1129[a]). "A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision" (Arslan v Costello, 164 AD3d 1408 [2d Dept. 2018]). Although a sudden stop of the lead vehicle may constitute a nonnegligent explanation for a rear-end collision, vehicle stops which are foreseeable under the prevailing traffic conditions, even if sudden and frequent, "must be anticipated by the driver who follows, since he or she is under a duty to maintain a safe distance between his or her vehicle and the vehicle ahead" (Catanzaro, 172 AD3d at 996).
Here, the Court finds Ferrari has established his prima facie entitlement to summary judgment on the issue of liability as against defendants through the submission of his affidavit and the certified police report, both of which indicated Ferrari's vehicle was hit in the rear by defendants' vehicle. Defendants' argument that the motion is premature is without merit because defendants failed to set forth how additional discovery, including plaintiff's deposition, will lead to relevant evidence. "A party opposing summary judgment is entitled to obtain further discovery when it appears that facts supporting the opposing party's position may exist but cannot then be stated" (Cruz v Fanoush, 214 AD3d 703 [2d Dept 2023]). However, here, defendants have failed to indicate a basis for how or why "it appears" facts supporting their position may exist in any future depositions or additional discovery they were to obtain.
This Court also notes that there is no indication Ferrari has failed to comply with discovery, and it is not clear that had defendants obtained plaintiff's deposition before Ferrari's summary judgment motion, the deposition's contents would create an issue of fact on liability (the relevant issue in this motion) (cf. Cirincione v Atl. Hylan Corp., 57 AD3d 707, 708 [2d Dept 2008] ("Supreme Court properly denied the motion of [defendant] . . . for summary judgment, inasmuch as [defendant] had failed to comply with discovery orders, and the material still outstanding was directly relevant to the issues presented on its motion for summary judgment."). Furthermore, it seems defendants, one of whom was the driver of the rear-most vehicle in the collision and presumably has personal knowledge of the facts, were capable of submitting evidence in opposition to raise an issue of fact, yet they did not (ie. an affidavit). While "a court may deny a motion for summary judgment '[s]hould it appear from affidavits submitted in opposition to the motion that facts essential to justify opposition may exist but cannot then be stated,' " here, defendants submitted no evidence to support their opposition (Jones v Am. Commerce Ins. Co., 92 AD3d 844 [2d Dept 2012] (denying plaintiff's summary judgment motion where "defendant had no personal knowledge of the relevant facts . . . [and holding defendant] should be afforded the opportunity to conduct discovery, including depositions of the plaintiff . . . ."). Moreover, plaintiff Ferrari, a passenger in the middle car of the collision, had personal knowledge of the accident, and his version of relevant events (ie. how the accident occurred) are presented in his affidavit.
To the extent defendants argue an issue of fact regarding the Ferrari's injuries precludes a finding on liability, this Court disagrees. Contrary to defendants claim, a police officer's assessment that accident participants had no injuries is not probative and does not raise an issue of fact. Here, the extent of Ferrari's injuries is a question of only damages, not liability, and therefore is an issue to be determined at a trial on damages. Since defendants fail to provide any evidence that contradicts Ferrari's account of how the accident occurred, defendants have failed to raise an issue of fact in opposition. Accordingly, plaintiff's motion for summary judgment on the issue of liability is granted.
As to the remaining branch of Ferrari's motion requesting this Court dismiss defendants' affirmative defenses alleging his comparative negligence, contributory negligence, and culpable conduct, the Court has considered defendants' opposition arguments and finds them unavailing for the foregoing reasons. Accordingly, plaintiff's request to dismiss the aforementioned defendants' affirmative defenses is granted.
DATED: May 16, 2024
ROBERT I. CALORAS, J.S.C.