Museau v Franklin CV Owner, LLC (2024 NY Slip Op 50847(U))

[*1]

Museau v Franklin CV Owner, LLC

2024 NY Slip Op 50847(U)

Decided on July 5, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 5, 2024
Supreme Court, Kings County

Melissa Museau, Plaintiff,

against
Franklin CV Owner, LLC, NEW FRANKLIN REHABILITATION & HEALTH CARE FACILITY, LLC, and CONSOLIDATED EDISON, INC., Defendants.

Index No. 502722/2020

Goidel & Siegel, LLP, New York City (Jonathan M. Goidel of counsel), for Plaintiff.
Caitlin Robin & Associates, New York City (Caitlin Robin of counsel), for Defendants Franklin CV Owner, LLC and New Franklin Rehabilitation & Health Care Facility, LLC.

Aaron D. Maslow, J.

The following numbered papers were used on this motion: NY St Cts Elec Filing [NYSCEF] Doc Nos. 103-114, 130-132.
Upon the foregoing papers, having heard oral argument, and due deliberation having been had, it is hereby determined as follows:
This is an action commenced by Plaintiff in 2020, alleging personal injuries sustained as a proximate result of slipping or tripping, and falling, on a sidewalk outside 142-27 Franklin Avenue, in Flushing, Queens, on November 6, 2018. On May 2, 2024, Defendants Franklin CV Owner, LLC and New Franklin Rehabilitation & Health Care Facility, LLC ("moving Defendants") moved for summary judgment. Defendant Franklin CV Owner, LLC alleges that while it is the abutting landowner, it owed no duty to Plaintiff as an out-of-possession landlord. Defendant New Franklin Rehabilitation & Health Care Facility, LLC, which operates a rehabilitation facility on the abutting premises, alleges that it cannot be liable to Plaintiff since the latter was a special employee of said Defendant; said Defendant invokes the provisions of the Workers' Compensation law.
This motion was scheduled to be heard by this Court on its Friday, July 19, 2024 motion calendar. However, in response to a communication sent by Plaintiff on notice to adversaries, [*2]this Court conducted a conference on Tuesday, July 2, 2024, via Teams. Plaintiff maintained that the motion should be adjourned since it had not yet received discovery in the form of a deposition as ordered by the Justice presiding in the Centralized Compliance Part on January 4, 2024 (Hon. Leon Ruchelsman) as follows: "Defendants Franklin CV Owner, LLC and New Franklin Rehabilitation & Health Care Facility, LLC shall produce an individual with knowledge regarding the 'Lease Agreement' between Defendants Franklin CV Owner and New Franklin Rehabilitation for the subject property, the relationship between Franklin CV Owner, New Franklin Rehabilitation and the corporate structure of Franklin CV Owner and New Franklin Rehabilitation for a deposition to be held remotely, on or before 2/21/24" (NYSCEF Doc No. 94, Jan. 4, 2024 order).
For the sake of judicial efficiency and in conformity with the purpose underlying the Individual Assignment System, which is "to give trial judges greater control over their cases and to move cases to disposition more expeditiously" (Basetti v Nour, 287 AD2d 126, 134 [2d Dept 2001]), this Court advanced oral argument on the aforesaid Defendants' motion from Friday, July 19, 2024, to Friday, July 5, 2024. Plaintiff was directed to submit its opposition. Plaintiff submitted its opposition the day after the conference, on Wednesday, July 3, 2024 (see NYSCEF Doc Nos. 130-132).
In its opposition papers, Plaintiff offered the following contentions:
• The aforesaid deposition did not take place at the time ordered by Justice Ruchelsman.
• The documentary evidence submitted by Defendants was incomplete.
• Defendants were liable under the special use doctrine pertaining to the location where Plaintiff fell — that it was part of the driveway leading to the owner's parking lot.
• Issues of fact remained concerning the claim of Defendant New Franklin Rehabilitation & Health Care Facility, LLC being an out-of-possession landlord.
• Defendant New Franklin Rehabilitation & Health Care Facility, LLC had a non-delegable duty to maintain the sidewalk pursuant to New York City Administrative Code § 7-210.
• Defendant Franklin CV Owner, LLC failed to establish that Plaintiff was injured in the course of her employment, and documentary evidence regarding employment was not in admissible form. (See generally NYSCEF Doc No. 130, Ghaffari aff.)
At oral argument on Friday, July 5, 2024, the moving Defendants argued that they did not have an opportunity to submit a reply to Plaintiff's opposition and, in any event, they wished to withdraw their motion. Plaintiff opposed moving Defendants' application to withdraw their motion. With respect to a deposition of an individual referred to in Justice Ruchelsman's February 4, 2024 order, the parties disputed whether such an individual was produced or not, the moving Defendants claiming that he was. This individual apparently was Jay S. Colen, whose affidavit was included in moving Defendants' papers submitted on the motion (see NYSCEF Doc No. 113, Colen aff).
Incidentally, Mr. Colen's affidavit referred to the lease agreement between the two moving Defendants as an attached Exhibit B. The Court's review of the motion papers revealed that Exhibit B was the verified answer, not the lease agreement. There is a lease agreement appearing as Exhibit E but, as noted by Plaintiff, it concerns 142-31 Franklin Avenue, not 142-27 Franklin Avenue; a referenced Schedule A was omitted from the lease; and Franklin CV [*3]Owner, LLC was not a party to the lease (see NYSCEF Doc Nos. 111, lease at 1; 130, Ghaffari aff ¶ 2 (b).
The Commentary to CPLR 2211 provides as follows with respect to withdrawal of motions:
The general rule is that the movant has the right to withdraw the motion at any time before it is finally submitted. Caplash v. Rochester Oral & Maxillofacial Surgery Assocs., LLC, 48 AD3d 1139, 851 N.Y.S.2d 769 (4th Dep't 2008) (holding that the supreme court erred in refusing to permit defendant to withdraw his motion after he conveyed his intent to do so "in papers that were filed with the court and served upon plaintiff's counsel prior to the return date of the motion"). A movant doing that should notify both the court and the other parties in writing. Notifying the other parties is a common courtesy, if nothing else, to spare them the fool's errand of showing up on the return day, which is an inconvenience in any event and a severe one when the lawyer has to travel far to the courthouse.
Advising the court of the motion's withdrawal is more than a mere courtesy. If the court is unaware that the motion has been withdrawn, it may expend valuable judicial resources to decide it. Furthermore, the court might deny the relief requested, and its doing so may have the effect of disposing of the motion on its merits. That may preclude a new motion for the same relief, while a withdrawn motion would not have that effect.
It is not common for either the court or the adverse party to object to the withdrawal of the motion. The other party is usually glad to have it off its back, with the court happy to turn to other items on its calendar. But the details of motion practice are often regulated by rule of court, so it may behoove the practitioner unversed in the minutiae of a particular court's practices to make inquiry, if by no more than a call to the clerk or judge, about whether there is any barrier to withdrawal.
Withdrawal of a motion without stipulation or court leave must occur before submission. After submission, "it may not be withdrawn except by consent of the parties or by an order of the [c]ourt," and a submission occurs "when the movant makes his oral argument or absent an oral argument when he presents his papers to the Clerk after the call of the case on the return day." Wallace v. Ford, 44 Misc 2d 313, 314, 253 N.Y.S.2d 608, 610 (Sup. Ct., Erie County, 1964); see Harlem Self-Storage, LLC v. Elkerson, 2017 WL 5325410, *1 (Sup. Ct., New York County 2017) ("plaintiff obtained neither permission of court nor stipulation of defendant to withdraw its motion"); Santoli v. 475 Ninth Ave. Assocs., LLC, 2007 WL 2815374 (Sup. Ct., New York County, 2007) (noting that a "motion may be withdrawn at any time prior to final submission, which occurs when the attorney steps forward to argue the motion") (citations omitted).
Whether the court will allow the withdrawal of a motion after submission is necessarily an exercise of discretion, which may be based in large measure on the legitimacy of the movant's motive. If the movant has merely decided that things are not going well this time around and a fresh try later would be preferable, the withdrawal should be denied and the motion disposed of on its merits. Opposing parties who do not want to go along with the withdrawal should be prepared to point out to the court the disadvantages that a withdrawal at this time would have for their side.
(Patrick M. Connors, Prac Commentaries, McKinney's Cons Laws of NY, CPLR [*4]C2211:9.)
According to this commentary, once moving Defendants appeared before this Court on Friday, July 5, 2024, for oral argument, the motion was deemed submitted. Plaintiff's opposition to said Defendants' withdrawing the motion appears to this Court to have been motivated by the contentious dispute over the production of Mr. Colen. Plaintiff's counsel was of the position that said Defendants' moving for summary judgment without his having had the opportunity to depose Mr. Colen was sharp practice. Indeed this Court wonders why the deposition still did not take place since Justice Ruchelsman imposed a deadline of February 21, 2024 for doing so. At oral argument, counsels disagreed over exactly when he was to be produced but the bottom line is that the deposition still has not taken place. This Court deduces that Plaintiff's counsel would be willing to depose Mr. Colen practically at any time; he just needs to be produced. This Court is critical of moving Defendants' motion for summary judgment having been made on May 2, 2024, without the deposition of Mr. Colen (or another person with knowledge of the facts described in Justice Ruchelsman's order) having taken place. Surely, within the period of close to two and a half months between February 21, 2024 and May 2, 2024, the deposition could have been scheduled at a mutually agreeable date, time, and location.
Be that as it may, under the circumstances herein, this Court permits the moving Defendants to withdraw their motion for summary judgment which was filed on May 2, 2024. It does so because it finds that the motion was premature, as contended by Plaintiff. Absent the deposition testimony of Mr. Colen or another "individual with knowledge regarding the 'Lease Agreement' between Defendants Franklin CV Owner and New Franklin Rehabilitation for the subject property, the relationship between Franklin CV Owner, New Franklin Rehabilitation and the corporate structure of Franklin CV Owner and New Franklin Rehabilitation" (NYSCEF Doc No. 94, Jan. 4, 2024 order), Plaintiff is unable to adequately respond to the substantive argument advanced by moving Defendant Franklin CV Owner, LLC, that it is an out-of-possession landlord with no liability for accidents occurring on the sidewalk abutting the property it owns. Moreover, Mr. Colen could testify concerning the use made of the sidewalk location where Plaintiff fell — whether it leads to a parking lot for vehicles owned or operated by or for the benefit of moving Defendants. Without knowing exactly what relationship there exists from a corporate perspective between the two moving Defendants, perhaps Mr. Colen has some knowledge too about Plaintiff's status.
In making this determination permitting Defendants to withdraw their motion for summary judgment, the Court takes cognizance of a few of the myriad appellate decisions on premature motions made without the benefit of the nonmoving party having sufficient discovery (including having examined persons with relevant knowledge), especially concerning issues in this action:
• This Court has held that the " 'mere hope' that evidence sufficient to defeat the motion may be uncovered during the discovery process" is not enough to defeat a motion for summary judgment (Mazzaferro v Barterama Corp., 218 AD2d 643). However, here the information sought was clearly specified in a pending discovery demand and would be relevant to whether the appellant had dominion and control over the site of the accident (see, Kracker v Spartan Chem. Co., 183 AD2d 810, 813). (Campbell v City of New York, 220 AD2d 476 [2d Dept 1995].)
• It is axiomatic that a summary judgment motion is properly denied as premature when the nonmoving party has not been given reasonable time and opportunity to conduct disclosure relative to pertinent evidence that is within the exclusive knowledge of the movant or a codefendant (see Catena v Amsterdam Mem. Hosp., 6 AD3d 1037, 1038-1039 [2004]). Here, plaintiffs surely are entitled to ascertain, through discovery, Palmeri's knowledge of the allegedly dangerous condition, as well as the degree of control that he asserted over the premises. Accordingly, Supreme Court properly denied Palmeri's motion on the ground of prematurity. (Metichecchia v Palmeri, 23 AD3d 894, 895 [3d Dept 2005].)
• An award of summary judgment would be premature at this stage of the case. CPLR 3212 (f) permits a court to deny a motion for summary judgment where it appears that the facts essential to oppose the motion "exist but cannot then be stated" (CPLR 3212 [f]; see Jones v American Commerce Ins. Co., 92 AD3d 844, 845 [2012]). " 'This is especially so where the opposing party has not had a reasonable opportunity for disclosure prior to the making of the motion' " (James v Aircraft Serv. Intl. Group, 84 AD3d 1026, 1027 [2011], quoting Baron v Incorporated Vil. of Freeport, 143 AD2d 792, 793 [1988]; see Gardner v Cason, Inc., 82 AD3d 930 [2011]). Here, the defendant's motion to dismiss the complaint was made prior to the parties conducting depositions. Since the plaintiffs had no personal knowledge of the relevant facts, they should be afforded the opportunity to conduct discovery, including depositions of the defendant's employees and other witnesses that were present during the incident complained of (see Jones v American Commerce Ins. Co., 92 AD3d at 845; Gardner v Cason, Inc., 82 AD3d at 931). (Wesolowski v St. Francis Hosp., 108 AD3d 525, 526-527 [2d Dept 2013].)
• We find that the Rodriguez affidavit is sufficient to demonstrate that discovery is required and, therefore, defendant's motion should have been denied as premature. Plaintiffs seek depositions of defendant's employees who plowed the roadway or inspected the area where this accident occurred, noting that such efforts will likely lead to additional relevant information about how the condition was created. These facts are exclusively within the knowledge of the party moving for summary judgment and leave plaintiffs with only circumstantial evidence to oppose the motion (see CPLR 3212 [f]; Pank v Village of Canajoharie, 275 AD2d 508, 509 [2000]). The Rodriguez affidavit, combined with the photographs of the damaged culvert pipe, demonstrate that the need for more discovery is based upon more than "pure conjecture and speculation" (Gersten-Hillman Agency, Inc. v Heyman, 68 AD3d 1284, 1288 [2009]). Consequently, summary judgment is inappropriate. (Greener v Town of Hurley, 140 AD3d 1285 [3d Dept 2016].)
• Although we have held that, "in certain situations, . . . more than one entity may be considered a plaintiff's employer for purposes of workers' compensation" (Coonjbeharry v Altone Elec., LLC, 94 AD3d at 1307; see Len v State of New York, 74 AD3d 1597, 1599 [2010], lv dismissed and denied 15 NY3d 912 [2010]), defendant's submissions fall far short of establishing that premise as a matter of law. A determination as to whether two entities are alter egos of each other requires a far more detailed record than is present here (see e.g. Longshore v Davis Sys. of Capital Dist., 304 AD2d 964, 965 [2003]). Notably, defendant proffered no documentary proof of any transfer of assets between the [*5]two entities, while plaintiffs have furnished admissible proof in the form of certified records from the Department of Motor Vehicles indicating that defendant obtained title to the truck on November 28, 2012 (10 weeks after dissolution), put new license plates on it in January 2014 (16 months after dissolution), and held title and registration on the date of the accident. It is therefore not mere surmise that questions of fact exist as to whether the title and registration reflect administrative errors or, as suggested by plaintiffs, the continued operation of defendant as of the date of the accident. The relevance of decedent's employment records and documents substantiating the relationship between the two entities and the transfer of assets from defendant to AC Bodyworks & Sons, Inc., together with the need for deposition testimony, is readily apparent. (Pringle v AC Bodyworks & Sons, LLC, 145 AD3d 1410, 1412 [3d Dept 2016].)
• Pursuant to CPLR 3212 (f), "where facts essential to justify opposition to a motion for summary judgment are exclusively within the knowledge and control of the movant, summary judgment may be denied. This is especially so where the opposing party has not had a reasonable opportunity for disclosure prior to the making of the motion" (Baron v Incorporated Vil. of Freeport, 143 AD2d 792, 792-793 [1988] [citation omitted]). Here, the plaintiffs showed that they have not yet had an adequate opportunity to complete discovery relevant to their remaining causes of action alleging malicious prosecution and false arrest. Accordingly, the Supreme Court properly denied those branches of the defendants' motion which were for summary judgment dismissing the plaintiffs' remaining malicious prosecution and false arrest causes of action as premature. (Blake v City of New York, 148 AD3d 1101, 1107 [2d Dept 2017].)
That the within motion is premature is underscored by the facts that a complete lease was not submitted (the referenced schedule was not included), the address set forth in it was different from the one claimed by Plaintiff as where she fell, and Defendant Franklin CV Owner, LLC is not a party in the lease. As was noted:
With respect to that branch of Feldco's motion that seeks dismissal of the complaint as against it on grounds that it is an out of possession landlord, there is no admissible evidence of this alleged fact. The submitted lease is for a different address than where plaintiff fell and the lessor is not Feldco. Feldco's attorney states the submitted lease was assigned to Feldco from the original lessor, and that Duane Reade was relocated from the original demised premises with the lease transferring to apply to the newly demised premises. However, no documentation of these changes were submitted, nor was an affidavit submitted from a person with knowledge of these changes in lessor and address. (Pettway v Feldco Realty LLC, 2014 WL 2439221, *2 [Sup Ct, Bronx County Apr. 22, 2014, No. 300984/12].)
This Court takes cognizance of the fact that the affidavit of Mr. Colen was executed on February 23, 2024, two days after Justice Ruchelsman's imposed deadline of February 21, 2024 for the deposition. It is reasonable to ponder that once the deposition did not take place as of February 21, 2024, moving Defendants desired to take advantage of the situation and began preparing their motion papers for summary judgment. If that is the case, this Court views such planning as not being in conformity with the CPLR's goal of "full disclosure of all matter [*6]material and necessary in the prosecution or defense of an action. . ." (CPLR 3101 [a]).
Nonetheless, "public policy strongly favors the resolution of cases on their merits" (Gregorian v New York Life Ins. Co., 211 AD3d 706, 709 [2d Dept 2022]), and "the record does not establish a clear showing of a pattern of wilfulness or contumacious conduct" (Warner v Orange County Regional Med. Ctr., 126 AD3d 887, 887 [2d Dept 2015]) on the part of moving Defendants. In fact, this Court is of the opinion that rather than deny moving Defendants' motion, they should be afforded an opportunity to present their documentary evidence in admissible form and explain the discrepancies raised by Plaintiff. This is taken into account in permitting moving Defendants to withdraw their motion.
The Court also recognizes that moving Defendants sought "[s]such other and further relief as the Court deems just and proper" (NYSCEF Doc No. 103, notice of motion at 1). Although the Court permits moving Defendants to withdraw their motion, it does direct that they comply with Justice Ruchelsman's order expeditiously and are afforded an extension from February 21, 2024 to do so. It does so in the process of attempting to move along the within action to an ultimate resolution. The subject deposition shall take place on a date and at a time and location mutually agreed upon by the parties no later than August 15, 2024. If the parties cannot so agree, then application to this Court may be made for an order scheduling it.[FN1]

Any further motions for summary judgment shall be made only upon the conclusion of discovery. Any motion for summary judgment shall so certify in the supporting attorney's affirmation. Any other discovery disputes shall be resolved in the Centralized Compliance Part.
Accordingly, IT IS HEREBY ORDERED as follows:
1. The Clerk shall annotate the court records to reflect that moving Defendants' motion for summary judgment (Motion Seq. No. 6) is withdrawn.
2. Defendants Franklin CV Owner, LLC and New Franklin Rehabilitation & Health Care Facility, LLC shall produce an individual with knowledge regarding the "Lease Agreement" governing the relationship between them concerning the subject property, the relationship between Franklin CV Owner, LLC and New Franklin Rehabilitation & Health Care Facility, LLC otherwise, the corporate structure of these two entities, and all other matters relevant to Plaintiff's causes of action, for a deposition to be held on or before August 15, 2024, at a time and location mutually agreed upon by the parties. If the parties cannot so agree, then application to this Court may be made for an order scheduling it.
3. Any further motions for summary judgment shall be made only upon the conclusion of discovery, and the attorney's affirmation in support shall certify that discovery has been completed.
4. Any other discovery disputes shall be resolved in the Centralized Compliance Part.
E N T E R
HON. AARON D. MASLOW
Justice of the Supreme Court of the State of New York

Footnotes

Footnote 1:. Hopefully this will moot certain branches of Plaintiff's motion filed on June 21, 2024, which seeks in part to compel moving Defendants to produce a witness in accordance with Justice Ruchelsman's order (see NYSCEF Doc No. 115, notice of motion).