■ CATHERINE CADY, as Administratrix of the Estate of PAUL R. CADY, Deceased, Appellant, v. CITY OF NEW YORK, Respondent.— Order, entered on March 29, 1963, unanimously reversed on the law, with $20 costs and disbursements to appellant, and the motion granted. In this action damages are sought for personal injuries and wrongful death of a deceased fireman, who had been in the employ of defendant city. The latter in its amended answer alleged as a partial affirmative defense and in mitigation of damages that the widow of decedent was receiving and would receive during her lifetime a stated sum annually in the form of a pension granted by the Pension Fund of the Fire Department of the city. The amount, it was alleged, constitutes one half of the salary of deceased. The fund is composed of moneys received from various sources including contributions made by members of which decedent was one. If the amounts from all other sources are insufficient to pay pensions and benefits the Board of Estimate of the city is mandated to appropriate the deficiency. (Administrative Code of City of New York, § B19-3.0.) We conclude that the pension payments sought to be offset are from a collateral source and proof thereof would not be admissible upon the trial in mitigation of damage. (*Healy* v. *Rennert*, 9 N Y 2d 202, 206; *Lehr* v. *City of New York*, 16 A D 2d 702; *United States* v. *Price*, 288 F. 2d 448, 450, 451.) Concur — Botein, P. J., Breitel, McNally, Stevens and Bastow, JJ.

■ EDITH BRODSKY, Respondent, v. PHILIP BRODSKY, Appellant.— Determination of the Appellate Term affirming judgment in favor of plaintiff, unanimously reversed, on the law, and a new trial ordered, with costs to abide the event. In this action against plaintiff's husband to recover sums allegedly due under a separation agreement, defendant pleaded that he was induced to enter into the agreement through misrepresentations that " plaintiff was suffering from an advanced stage of cancer and would only live a short time." Plaintiff had undergone a radical mastectomy for carcinoma in 1952. In December, 1958 negotiations with respect to the terms of a separation agreement commenced. During them the state of plaintiff's health and her life expectancy were discussed, and that these matters were material in fixing the monetary provisions was well within the province of the jury to find. It was the view of the trial court that the statements which were made on plaintiff's behalf in the course of the discussions, and which defendant contends constituted representations of fact, amounted to no more than predictions that plaintiff had but a short time to live, and on this basis alone the court directed a verdict in her favor. In our opinion the jury, if it believed defendant, could reasonably find that representations of fact were made. Thus, he testified that he had been told that " metastasis had set in, the spreading of the cancer" and that " the cancer had spread and that it had affected her vision ". While these statements of course had a bearing on plaintiff's life expectancy, they pictured an existing physical condition. That a statement of fact may form the predicate of a prognostication does not per se convert it into one. Concur — Botein, P. J., Breitel, McNally, Stevens and Bastow, JJ.