■ Patrick Betz et al., Respondents, v N.Y.C. Premier Properties, Inc., et al., Appellants, et al., Defendant. [833 NYS2d 153]—

In an action, inter alia, to recover damages for fraud and breach of contract, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Berler, J.), dated December 1, 2005, as denied, as premature, their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs were in default on their mortgage. In an effort to save their property, the plaintiffs entered into a sale-leaseback arrangement with the defendants. As part of that arrangement, the plaintiffs agreed to sell their property to the defendants. The plaintiffs also agreed to lease the property from the defendant N.Y.C. Premier Properties, Inc., for monthly rent of $2,150. In addition, the lease agreement provided the plaintiffs with an option to purchase the property at the end of the one-year lease period. Pursuant to the arrangement, the plaintiffs conveyed the property to defendant Fortini and signed the lease agreement. Subsequently, the plaintiffs defaulted on the lease payments and, after facing possible eviction, vacated the property.

The plaintiffs commenced this action alleging that the defendants fraudulently induced them into executing the sale and lease of their property by misrepresenting that the arrangement was a means of refinancing the property. The plaintiffs further alleged that, if a valid contract of sale existed, the defendants breached it by failing to pay to them sums that were due under the sales contract. The defendants moved for sum-

mary judgment dismissing the complaint, and the Supreme Court, inter alia, denied the defendants' motion as premature, noting further discovery was warranted.

Although the defendants demonstrated their prima facie entitlement to summary judgment dismissing the complaint (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]), the Supreme Court properly denied the motion as premature (*see Juseinoski v New York Hosp. Med. Ctr. of Queens*, 29 AD3d 636, 637 [2006]; *Baron v Incorporated Vil. of Freeport*, 143 AD2d 792, 792-793 [1988]). "CPLR 3212 (f) permits a party opposing summary judgment to obtain further discovery when it appears the facts supporting the position of the opposing party exist but cannot be stated" (*Juseinoski v New York Hosp. Med. Ctr. of Queens*, *supra* at 637). "This is especially so where the opposing party has not had a reasonable opportunity for disclosure prior to the making of the motion" (*Baron v Incorporated Vil. of Freeport*, *supra* at 793). Here, the plaintiffs raised issues warranting further discovery. Accordingly, the Supreme Court properly denied, as premature, the defendants' motion for summary judgment dismissing the complaint. Miller, J.P., Spolzino, Goldstein and McCarthy, JJ., concur.