■ St. Clare Development Corp., Respondent, v Michael Porges et al., Defendants/Third-Party Plaintiffs-Appellants. St. Clare Development Corp. et al., Third-Party Defendants-Respondents. [893 NYS2d 876]—In an action to recover damages for breach of contract, the defendants/third-party plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Martin, J.), entered October 1, 2008, as granted those branches of the motion of the plaintiff and the third-party defendants St. Clare Development Corp., Jay Monroe, and Barbara Monroe, which were for summary judgment dismissing their first, second, third, and fifth affirmative defenses, their third counterclaim to the extent that it seeks damages for breach of the Housing Merchant Implied Warranty, their fourth, fifth, sixth, and seventh counterclaims insofar as asserted against St. Clare Development Corp., and the first, second, third, fourth, fifth, and seventh third-party causes of action insofar as as-

serted against Jay Monroe and Barbara Monroe, and granted the separate motion of the third-party defendant Adam Chorzepa, doing business as Diamond Custom Construction, for summary judgment dismissing the third-party complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

The respondents established their prima facie entitlement to judgment as a matter of law with respect to the affirmative defenses, counterclaims, and third-party causes of action at issue. The only viable affirmative defenses and claims of the defendant/third-party plaintiffs were against the respondent St. Clare Development Corp. for breach of the limited warranty issued by it to them and for breach of the escrow agreement entered into between it and them. In opposition, the defendants/third-party plaintiffs failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). Accordingly, the respondents were entitled to summary judgment dismissing the affirmative defenses, counterclaims, and third-party causes of action at issue. Fisher, J.P., Angiolillo, Belen and Lott, JJ., concur.