BANK OF AMERICA, N.A., Appellant, v HILLSIDE CYCLES, INC., Respondent. [932 NYS2d 128]—

The plaintiff commenced this action, inter alia, to recover damages for breach of contract, alleging that the defendant car dealership was obligated to repurchase five vehicle financing agreements which had been assigned to it pursuant to a retail dealer agreement. In its answer, the defendant raised 12 affirmative defenses. Before depositions could be conducted, the plaintiff moved for summary judgment on the complaint and dismissing the defendant's affirmative defenses. The defendant opposed the motion, inter alia, arguing that the motion was premature because the parties had not yet conducted discovery.

A party should be afforded a reasonable opportunity to conduct discovery prior to the determination of a motion for summary judgment (*see Venables v Sagona*, 46 AD3d 672, 673 [2007]; *Amico v Melville Volunteer Fire Co., Inc.*, 39 AD3d 784, 785 [2007]; *Betz v N.Y.C. Premier Props., Inc.*, 38 AD3d 815 [2007]; *cf. McFadyen Consulting Group, Inc. v Puritan's Pride, Inc.*, 87 AD3d 620 [2011]). Here, contrary to the plaintiff's contention, the Supreme Court did not improvidently exercise its discretion in denying, as premature, that branch of its motion which was for summary judgment on the complaint, inasmuch as discovery may result in disclosure of evidence relevant to the causes of action asserted in the complaint (*see* CPLR 3212 [f]; *Bond v DeMasco*, 84 AD3d 1292, 1293 [2011]; *Aurora Loan Servs., LLC v LaMattina & Assoc., Inc.*, 59 AD3d 578 [2009]; *Betz v N.Y.C. Premier Props., Inc.*, 38 AD3d at 815). The Supreme Court erred, however, in denying, as premature, those branches of the plaintiff's motion which were for summary judgment dismissing the defendant's first, second, third, and twelfth affirmative defenses, and, in effect, that branch of the motion which was for summary judgment dismissing the sixth affirmative defense. The plaintiff established its entitlement to judgment as a matter of law by showing that those defenses were either inapplicable to this breach of contract action or without merit, and that discovery could not result in disclosure of evidence relevant to those affirmative defenses (*see Castrol, Inc. v Parm Trading Co. of N.Y.C.*, 228 AD2d 633, 634 [1996]). In opposition, the defendant failed to raise a triable issue of fact (*see St. Clare Dev. Corp. v Porges*, 70 AD3d 925 [2010]; *cf. Family-Friendly Media, Inc. v Recorder Tel. Network*, 74 AD3d 738, 739 [2010]; *Tornheim v Blue & White Food Prods. Corp.*, 73 AD3d 747, 749 [2010]). Dillon, J.P., Balkin, Eng and Cohen, JJ., concur.

**[Prior Case History: 2010 NY Slip Op 32247(U).]**