In an action to rescind a settlement agreement, the plaintiff appeals from (1) an order of the Supreme Court, Richmond County (Fusco, J.), dated May 4, 2012, which granted the defendants’ motion for summary judgment dismissing the complaint and on their counterclaim, and (2) a judgment of the same court dated September 10, 2012, which, upon the order, is in favor of the defendants and against the plaintiff, in effect, dismissing the complaint, and on the counterclaim in the principal sum of $2,850,000, plus prejudgment interest and administrative charges in the sum of $157,613.09, and attorneys’ fees and disbursements in the sum of $43,830.51.
Ordered that the appeal from the order is dismissed; and it is further,
*651 Ordered that the judgment is affirmed; and it is further,
Ordered that one bill of costs is awarded to the defendants.
The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).
The plaintiff commenced this action to rescind a settlement agreement he entered into with his now deceased wife during the course of a matrimonial action, based on alleged fraud. Specifically, the plaintiff alleges that the wife failed to inform him of, and actively concealed, her terminal cancer, which illness resulted in her death after the execution of the settlement agreement but before the entry of a final judgment of divorce. The defendants, executors of the wife’s estate, asserted a counterclaim to recover damages for breach of the settlement agreement.
To demonstrate fraud, a plaintiff must show that the defendant “knowingly misrepresented or concealed a material fact for the purpose of inducing [him] to rely upon it, and that [he] justifiably relied upon such misrepresentation or concealment to his . . . detriment” (Schwatka v Super Millwork, Inc., 106 AD3d 897, 900 [2013]; see Channel Master Corp. v Aluminium Ltd. Sales, 4 NY2d 403, 406-407 [1958]). While a party’s health is material to the equitable distribution of marital assets (Domestic Relations Law § 236 [B] [5] [d] [2]; see e.g. Brooks v Brooks, 55 AD3d 520 [2008]), the plaintiff does not challenge the manner in which the parties agreed to distribute the marital assets (cf. Brodsky v Brodsky, 19 AD2d 822 [1963]). Rather, the plaintiff only claims that he would not have agreed to settle with the wife at all had he known of her condition. Contrary to the plaintiffs contention, the wife’s alleged misrepresentations or omissions concerning her health were not material to the plaintiffs decision as to whether to enter into any settlement agreement at all with the wife and, thus, would not warrant the equitable remedy of rescission (see generally Almap Holdings v Bank Leumi Trust Co. of N.Y., 196 AD2d 518, 518-519 [1993]). To hold otherwise would be to recognize, contrary to public policy favoring settlement and fair dealing (see Matter of Greiff, 92 NY2d 341, 344 [1998]), that the plaintiff was entitled to a “fair” opportunity to stall in settling the action with the goal of retaining all of the marital assets upon the wife’s death. Equity is not served by permitting the plaintiff to rescind the separation agreement for lack of this opportunity.
*652 Furthermore, because the plaintiff does not dispute the fairness of the division of the marital assets to which the parties agreed, he will not be heard to complain that his decision to fairly settle the matrimonial action, in reliance upon his incorrect notion of the wife’s good health, operated to his detriment (see generally Ricca v Ricca, 57 AD3d 868, 869 [2008] [“(a separation) agreement will not be overturned merely because it was improvident, not the most advantageous to the dissatisfied party, or because a party had a change of heart”]; Warren v Rabinowitz, 228 AD2d 492, 493 [1996]; cf. Matter of Davis, 20 NY2d 70, 74 [1967]).
Accordingly, the Supreme Court properly granted that branch of the defendants’ motion which was for summary judgment dismissing the complaint. Moreover, since the plaintiff’s only opposition to the counterclaim was that he was entitled to rescind the settlement agreement based upon fraud, the Supreme Court also properly granted that branch of the defendants’ motion which was for summary judgment on their counterclaim.
The plaintiffs further contention that the Supreme Court should have denied the defendants’ motion for summary judgment because they failed to include a complete copy of the pleadings with their motion papers is not properly before this Court, as it is raised for the first time on appeal (see Provident Bank v Giannasca, 55 AD3d 812 [2008]; Marcel v Chief Energy Corp., 38 AD3d 502, 503 [2007]). Additionally, the Supreme Court properly entertained the defendants’ motion for summary judgment, even though it was made before issue was joined on the counterclaim, because the parties deliberately charted a summary judgment course (see Mancuso v Rubin, 52 AD3d 580, 582 [2008]; Feitner v Town of Smithtown, 23 AD3d 431, 432 [2005]). Rivera, J.E, Skelos, Leventhal and Lott, JJ., concur.