In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Farneti, J.), entered June 26, 2012, which granted the plaintiffs motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1).
Ordered that the order is reversed, on the law, with costs, and *690 the plaintiffs motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) is denied, without prejudice to renewal upon the completion of discovery.
The plaintiff commenced this action to recover damages for personal injuries allegedly sustained after he fell from a ladder. Before his deposition, the plaintiff moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1). The defendant opposed the motion, contending, inter alla, that the plaintiff was the sole witness to the accident, that there were questions of fact regarding how the accident occurred, and that the motion was premature. The Supreme Court granted the motion.
“A party opposing summary judgment is entitled to obtain further discovery when it appears that facts supporting the opposing party’s position may exist but cannot then be stated” (Matter of Fasciglione, 73 AD3d 769, 770 [2010]; see CPLR 3212 [f]; Jones v American Commerce Ins. Co., 92 AD3d 844, 845 [2012]). This is especially so where the motion for summary judgment was made prior to the parties conducting depositions (see Wesolowski v St. Francis Hosp., 108 AD3d 525, 526 [2013]; Bond v DeMasco, 84 AD3d 1292, 1293 [2011]; Cardone v Poidamani, 73 AD3d 828, 828 [2010]; Valdivia v Consolidated Resistance Co. of Am., Inc., 54 AD3d 753, 755 [2008]).
Here, an award of summary judgment would be premature at this stage of the action. The plaintiff’s motion for summary judgment was made prior to the deposition of the plaintiff. In light of the fact that the plaintiff was the sole witness to the accident, and that his account of the accident has been placed in issue, the defendant should have been afforded the opportunity to conduct his deposition (see Wesolowski v St. Francis Hosp., 108 AD3d at 526; Jones v American Commerce Ins. Co., 92 AD3d at 845; Gardner v Cason, Inc., 82 AD3d 930, 931 [2011]). Accordingly, the Supreme Court should have denied the plaintiffs motion, without prejudice to renewal upon the completion of discovery.
The plaintiffs remaining contentions have been rendered academic by our determination. Mastro, J.E, Balkin, Miller and LaSalle, JJ., concur.