■ YOLANDA SEPULVEDA, Plaintiff, v CAMMEBY'S MANAGEMENT COMPANY, LLC, Defendant/Third-Party Plaintiff-Respondent. EXECUTIVE ENVELOPES CO., INC., Third-Party Defendant-Appellant. [989 NYS2d 885]—

In an action to recover damages for personal injuries, the third-party defendant, Executive Envelopes Co., Inc., appeals from an order of the Supreme Court, Kings County (Bayne, J.), dated September 13, 2013, which denied, as premature, its motion for summary judgment dismissing the third-party complaint.

Ordered that the order is affirmed, with costs.

An award of summary judgment is premature at this stage of the action. CPLR 3212 (f) permits a court to deny a motion for summary judgment where it appears that the facts essential to oppose the motion exist but cannot then be stated (see Wesolowski v St. Francis Hosp., 108 AD3d 525, 526 [2013]; Jones v American Commerce Ins. Co., 92 AD3d 844, 845 [2012]). This is especially so when the opposing party has not had a reasonable opportunity for disclosure prior to the making of the motion (see Schlichting v Elliquence Realty, LLC, 116 AD3d 689 [2014]; Wesolowski v St. Francis Hosp., 108 AD3d at 526; Bond v DeMasco, 84 AD3d 1292, 1293 [2011]; James v Aircraft Serv. Intl. Group, 84 AD3d 1026, 1027 [2011]). Here, contrary to the appellant's contention, the Supreme Court did not improvidently exercise its discretion in denying, as premature, its motion for summary judgment dismissing the third-party complaint, since discovery, including depositions of the appellant and the defendant/third-party plaintiff, may result in disclosure of evidence relevant to the causes of action asserted in the third-party complaint (see CPLR 3212 [f]; Bank of Am., N.A. v Hillside Cycles, Inc., 89 AD3d 653, 654 [2011]; Aurora Loan Servs., LLC v LaMattina & Assoc., Inc., 59 AD3d 578 [2009]; Betz v N.Y.C. Premier Props., Inc., 38 AD3d 815, 816 [2007]). Rivera, J.P., Balkin, Leventhal and Roman, JJ., concur.