■ TANYA BONILLA, Respondent, v BANGERT'S FLOWERS, Appellant, and AUGUSTO L. EXCONDE, Respondent. [17 NYS3d 740]—In an action to recover damages for personal injuries, the defendant Bangert's Flowers appeals from an order of the Supreme Court, Queens County (Brathwaite Nelson, J.), dated October 15, 2014, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is modified, on the law and in the exercise of discretion, by adding to the final sentence thereof the words, "as premature, without prejudice to renewal following the completion of discovery"; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable to the plaintiff.

The plaintiff commenced this action to recover damages for personal injuries allegedly sustained when she tripped and fell on a sidewalk adjacent to real property that was owned by the defendant Augusto L. Exconde (hereinafter the owner), and leased to the defendant Bangert's Flowers (hereinafter the tenant). The tenant thereafter moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The tenant argued, inter alia, that it was entitled to judgment as a matter of law since it had no duty to maintain the sidewalk where the plaintiff tripped. The tenant's motion was made before the owner appeared in the action or submitted responsive pleadings. The Supreme Court denied the tenant's motion.

On appeal, the tenant contends, among other things, that it was entitled to judgment as a matter of law since it had no duty to maintain the sidewalk where the plaintiff tripped. However, the tenant's motion for summary judgment was premature.

A motion for summary judgment may be denied as premature where it appears that the facts essential to oppose the motion exist but cannot then be stated (see CPLR 3212 [f]; *Sepulveda v Cammeby's Mgt. Co., LLC*, 119 AD3d 927, 927 [2014]). "A party who contends that a summary judgment motion is premature is required to demonstrate that discovery might lead to relevant evidence or the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (*Cajas-Romero v Ward*, 106 AD3d 850, 852 [2013]; *see Rungoo v Leary*, 110 AD3d 781, 783 [2013]).

Here, the tenant's motion was made before issue was joined by the owner (see *City of Rochester v Chiarella*, 65 NY2d 92, 101 [1985]; *Blue Is. Dev., LLC v Town of Hempstead*, 131 AD3d 497 [2015]; cf. *Petrozza v Franzen*, 109 AD3d 650, 652 [2013]). Furthermore, the plaintiff demonstrated that discovery, including a deposition of the owner, may result in disclosure of evidence relevant to the issue of whether the tenant had a duty to maintain the sidewalk where the plaintiff tripped (see generally *Sepulveda v Cammeby's Mgt. Co., LLC*, 119 AD3d at 927; *Bank of Am., N.A. v Hillside Cycles, Inc.*, 89 AD3d 653, 654 [2011]; cf. *Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579, 588-589 [1994]; *Abramson v Eden Farm, Inc.*, 70 AD3d 514, 514 [2010]). In addition, the plaintiff demonstrated that facts essential to justify opposition to that portion of the motion were exclusively within the knowledge and control of the tenant and the owner (see generally *Wesolowski v St. Francis Hosp.*, 108 AD3d 525, 526-527 [2013]; *Jones v American Com-*

*merce Ins. Co.*, 92 AD3d 844, 845 [2012]; *Abramson v Eden Farm, Inc.*, 70 AD3d at 514). Accordingly, the tenant's motion was premature.

The tenant's remaining contentions either are without merit or need not be addressed in light of our determination. Leventhal, J.P., Chambers, Austin and Miller, JJ., concur.