■ Thomas H. Brielmeier et al., Appellants, v Luis F. Leal et al., Defendants, and Publishers Circulation Fulfillment, Inc., Respondent. [43 NYS3d 134]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Tarantino, Jr., J.), dated March 2, 2015, as granted that branch of the motion of the defendant Publishers Circulation Fulfillment, Inc., which was for summary judgment dismissing the cause of action alleging vicarious liability insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Publishers Circulation Fulfillment, Inc., which was for summary judgment dismissing the cause of action alleging vicarious liability insofar as asserted against it is denied without prejudice to renew upon the completion of discovery.

On March 25, 2013, the plaintiff Thomas H. Brielmeier (hereinafter the injured plaintiff) allegedly sustained personal injuries when a vehicle he was operating collided with a vehicle owned and operated by the defendant Luis F. Leal. In October 2013, the injured plaintiff, and his wife suing derivatively, commenced this action against, among others, Leal. On or about February 20, 2014, the plaintiffs filed a supplemental summons and an amended complaint and named Publishers Circulation Fulfillment, Inc. (hereinafter Publishers), as an additional defendant. The plaintiffs alleged, inter alia, that Leal was Publishers's employee and that he was acting within the scope of his employment at the time of the accident. In August 2014, Publishers moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Supreme Court, inter alia, granted that branch of Publishers's motion which was for summary judgment dismissing the cause of action alleging vicarious liability insofar as asserted against it. The plaintiffs appeal.

"CPLR 3212 (f) permits a court to deny a motion for summary judgment where it appears that the facts essential to oppose the motion exist but cannot then be stated" (*Sepulveda v Cammeby's Mgt. Co., LLC*, 119 AD3d 927, 927 [2014]; *see Bonilla v Bangert's Flowers*, 132 AD3d 618, 619 [2015]; *Wesolowski v St. Francis Hosp.*, 108 AD3d 525, 526 [2013]). "This is especially so where the opposing party has not had a reasonable opportunity for disclosure prior to the making of the motion" (*Baron v Incorporated Vil. of Freeport*, 143 AD2d 792, 793 [1988]; *see Schlichting v Elliquence Realty, LLC*, 116 AD3d 689, 690 [2014]; *Sepulveda v Cammeby's Mgt. Co., LLC*, 119 AD3d 927 [2014]).

Here, Publishers moved for summary judgment prematurely, shortly after the plaintiffs commenced their action against it and before anyone had been deposed. The plaintiffs demonstrated that discovery, including the depositions of Leal and someone from Publishers who had dealings with Leal, may result in disclosure of evidence relevant to the issue of whether Leal, the defendant driver, was Publishers's employee or an independent contractor (*see generally Bonilla v Bangert's Flowers*, 132 AD3d at 619; *Sepulveda v Cammeby's Mgt. Co., LLC*, 119 AD3d at 927; *James v Aircraft Serv. Intl. Group*, 84 AD3d 1026, 1027 [2011]).

Accordingly, the Supreme Court should have denied that branch of Publishers's motion which was for summary judgment dismissing the cause of action alleging vicarious liability insofar as asserted against it without prejudice to renew upon

the completion of discovery. Hall, J.P., Hinds-Radix, Maltese and Barros, JJ., concur.