Hawana v Carbuccia (2018 NY Slip Op 05669)





Hawana v Carbuccia


2018 NY Slip Op 05669


Decided on August 8, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2016-05856
 (Index No. 511522/15)

[*1]Abdel Hawana, respondent, 
v
Rosario Carbuccia, et al., appellants.


Russo & Tambasco, Melville, NY (Yamile Al-Sullami of counsel), for appellant Rosario Carbuccia.
Tomao and Marangas, Garden City, NY (Theodora A. Marangas of counsel), for appellants Agnieszka Godlewski and Sylwester Godlewski.
Gratt & Associates, P.C., Brooklyn, NY (Edward J. Anthony of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries and injury to property, the defendant Rosario Carbuccia appeals, and the defendants Agnieszka Godlewski and Sylwester Godlewski separately appeal, from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated May 13, 2016. The order, insofar as appealed from by the defendant Rosario Carbuccia, granted that branch of the plaintiff's motion which was for summary judgment on the issue of the liability against that defendant, and insofar as appealed from by the defendants Agnieszka Godlewski and Sylwester Godlewski, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability against those defendants.
ORDERED that the order is reversed, on the law, with one bill of costs payable to the defendants appearing separately and filing separate briefs, and the plaintiff's motion for summary judgment on the issue of liability is denied as premature.
On July 18, 2013, while the plaintiff was driving his vehicle on Woodhaven Boulevard in Queens, the vehicle was struck in the rear by a vehicle operated by the defendant Rosario Carbuccia. In September 2015, the plaintiff commenced this action against the defendants. After issue was joined, but before any discovery was conducted, the plaintiff moved for summary judgment on the issue of liability. In support of the motion, the plaintiff submitted an affidavit in which he stated that his vehicle was stopped at the time of impact. In opposition, Carbuccia averred that her vehicle had been struck in the rear by a vehicle owned by the defendant Sylwester Godlewski and operated by the defendant Agnieszka Godlewski (hereinafter together the Godlewski defendants), and that her vehicle was pushed forward into the plaintiff's vehicle as a result. The Supreme Court granted the plaintiff's motion. Carbucci and the Godlewski defendants separately appeal.
A party should be afforded a reasonable opportunity to conduct discovery prior to the determination of a motion for summary judgment (see Malester v Rampil, 118 AD3d 855, 856; [*2]Video Voice, Inc. v Local T.V., Inc., 114 AD3d 935; Bank of Am., N.A. v Hillside Cycles, Inc., 89 AD3d 653, 654; Venables v Sagona, 46 AD3d 672, 673). A party opposing summary judgment is entitled to obtain discovery when it appears that facts supporting the opposing party's position may exist but cannot then be stated (see CPLR 3212[f]; Nicholson v Bader, 83 AD3d 802). Here, the plaintiff moved for summary judgment approximately five months after the action was commenced, approximately two months after joinder of issue, and prior to the exchange of any discovery. Moreover, all the defendants submitted evidence suggesting that discovery might lead to relevant evidence pertaining to the circumstances of the accident (see Worley v Safemove Rental, 120 AD3d 667, 668). Under the circumstances of this case, the Supreme Court should have denied the plaintiff's motion for summary judgment on the issue of liability as premature (see Sepulveda v Cammeby's Mgmt. Co., LLC, 119 AD3d 927; Betz v N.Y.C. Premier Properties, Inc., 38 AD3d 815).
CHAMBERS, J.P., AUSTIN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court