A.L. v Able Healthcare Servs., Inc. (2020 NY Slip Op 07183)





A.L. v Able Healthcare Servs., Inc.


2020 NY Slip Op 07183


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
BETSY BARROS, JJ.


2017-09183
 (Index No. 709232/14)

[*1]A. L., et al., appellants, 
v
Able Healthcare Services, Inc., et al., respondents, et al., defendant.


Law Offices of Ira M. Perlman, P.C., and Robert D. Rosen, P.C., Great Neck, NY, for appellants.
Catalano Gallardo & Petropoulos, LLP, Jericho, NY (Christopher T. Rogers and Ian L. Glick of counsel), for respondent Able Healthcare Services, Inc.
Rebar Bernstiel, New York, NY (Frank V. Kelly and Cathleen Kelly Rebar of counsel), for respondent Ajrija Ademaj.



DECISION & ORDER
In an action, inter alia, to recover damages for assault and battery, the plaintiffs appeal from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered June 29, 2017. The order, insofar as appealed from, granted the motion of the defendant Able Healthcare Services, Inc., for summary judgment dismissing the complaint insofar as asserted against it and denied that branch of the plaintiffs' cross motion which was for summary judgment on the issue of the liability of the defendant Ajrija Ademaj.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the motion of the defendant Able Healthcare Services, Inc., for summary judgment dismissing the complaint insofar as asserted against it, and substituting therefor a provision denying that motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiffs, payable by the defendant Able Healthcare Services, Inc.
The plaintiff Alex Lugo (hereinafter the plaintiff) is the father of the infant plaintiff A. L., who is a person with cognitive disabilities. In 2010, a social worker referred the plaintiff to the defendant ANIBIC, Inc. (hereinafter ANIBIC), for consultation, and ANIBIC recommended that the plaintiff utilize a home healthcare attendant to service the infant plaintiff in the after-school hours until the plaintiff returned home from work. To that end, ANIBIC secured the defendant Ajrija Ademaj, who was employed by the defendant Able Healthcare Services, Inc. (hereinafter Able), to work with the infant plaintiff.
In December 2013, the infant plaintiff's brother, who at the time was residing in the plaintiff's basement, heard the infant plaintiff scream in distress, so he went upstairs to check on her. The infant plaintiff's brother found the infant plaintiff crying and allegedly witnessed Ademaj scream "shut up" at the infant plaintiff several times, and then allegedly strike the infant plaintiff with her open hand on the child's left arm. The brother called the plaintiff at work, and the plaintiff instructed the brother to send Ademaj home for the day.
The plaintiff purchased a recording device and placed it in the medicine cabinet in the bathroom of the family home. After the plaintiff returned from work the next day, he noticed that the infant plaintiff's hairline was red and the infant plaintiff repeatedly told him "pull hair." When the plaintiff listened to the recording he allegedly heard Ademaj yelling "shut the hell up," the infant plaintiff was crying and repeatedly saying "I'm sorry," and "it sounded like she was being hit" because the plaintiff heard the sound of a "smack" on the recording.
On the following day, the plaintiff went to a police station and reported what had occurred. The police instructed the plaintiff not to leave the infant plaintiff with Ademaj, so the plaintiff told Ademaj they did not need her that day and sent her home.
Subsequently, the police visited the plaintiff's home, he played the recording for the officers, and the officers took a report. The plaintiff contacted Able and notified it that he would no longer need Ademaj's services. Shortly thereafter, the plaintiff was contacted by the District Attorney's office, to whom he gave a statement and turned over the recording. Ademaj was charged with various crimes and pleaded guilty to attempted assault in the third degree.
The plaintiffs commenced this action against Able, Ademaj and ANIBIC, alleging causes of action sounding in vicarious liability, negligent hiring and supervision, assault and battery and loss of consortium. Before Able and Ademaj were produced for their court-ordered depositions, Able moved for summary judgment dismissing the complaint insofar as asserted against it. The plaintiffs opposed Able's motion on grounds including that the motion was premature, and cross-moved, inter alia, for summary judgment on the issue of the liability of Ademaj. The Supreme Court granted Able's motion and denied that branch of the plaintiffs' cross motion. The plaintiffs appeal.
Contrary to the Supreme Court's determination, the plaintiffs sufficiently demonstrated that Able's motion for summary judgment was premature, since the facts relating to Able's hiring, supervision, and training of Ademaj, which were essential to justify opposition to Able's motion, were exclusively within the knowledge and control of Able and Ademaj, and Able and Ademaj had not yet been produced for their court-ordered depositions (see Antonyshyn v Tishman Const. Corp., 153 AD3d 1308, 1310; Schlichting v Elliquence Realty, LLC, 116 AD3d 689, 690; Weslowski v St. Francis Hosp., 108 AD3d 525, 526). Accordingly, the Supreme Court should have denied Able's motion for summary judgment (see CPLR 3212[f]).
We agree with the Supreme Court's determination that the plaintiffs failed to demonstrate their prima facie entitlement to summary judgment on the issue of Ademaj's liability on the causes of action alleging assault and battery. Accordingly, contrary to the plaintiffs' contentions, we agree with the Supreme Court's determination denying that branch of the plaintiffs' cross motion without considering the sufficiency of Ademaj's opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, we need not reach the parties' remaining contentions.
AUSTIN, J.P., LEVENTHAL, ROMAN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court