Knowles v 21-43 27th St., LLC (2024 NY Slip Op 00759)

Knowles v 21-43 27th St., LLC

2024 NY Slip Op 00759

Decided on February 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOSEPH J. MALTESE, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2022-00744
 (Index No. 701645/18)

[*1]Kimberly Knowles, respondent, 
v
21-43 27th Street, LLC., et al., appellants.

Marshall Dennehey Warner Coleman & Goggin, P.C., Melville, NY (Andrew Thebaud and Adam C. Calvert of counsel), for appellants.
Elefterakis, Elefterakis & Panek, New York, NY (Oliver R. Tobias of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered January 21, 2022. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is modified, on the law and in the exercise of discretion, by adding thereto a provision that the defendants' motion is denied "as premature, without prejudice to renewal following the completion of discovery"; as so modified, the order is affirmed, with costs to the plaintiff.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when a mailbox receptacle fell on her left arm and hand while she was delivering mail at the defendants' apartment building in Queens. The defendants moved for summary judgment dismissing the complaint. In an order entered January 21, 2022, the Supreme Court denied the defendants' motion. The defendants appeal.
"A defendant property owner who moves for summary judgment in a personal injury action arising from an alleged hazardous or defective condition on his or her property has the burden of establishing that he or she did not create the hazardous or defective condition or have actual or constructive notice of its existence" (Schnell v Fitzgerald, 95 AD3d 1295, 1295; see Gordon v American Museum of Natural History, 67 NY2d 836, 837). A motion for summary judgment may be denied as premature where it appears that the facts essential to oppose the motion exist but cannot then be stated (see CPLR 3212[f]; Sepulveda v Cammeby's Mgt. Co., LLC, 119 AD3d 927, 927). "A party who contends that a summary judgment motion is premature is required to demonstrate that discovery might lead to relevant evidence or the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (Cajas-Romero v Ward, 106 AD3d 850, 852).
Here, the plaintiff demonstrated that further discovery, including records of the United States Postal Service, a deposition of the plaintiff's former coworker, and discovery related to hearsay statements that the alleged defect had been reported to the defendants, may result in the [*2]disclosure of evidence relevant to the issue of whether the defendants had notice of the alleged defective condition (see Sepulveda v Cammeby's Mgt. Co., LLC, 119 AD3d at 927; Aurora Loan Servs., LLC v LaMattina & Assoc., Inc., 59 AD3d 578).
Accordingly, the defendants' motion was premature.
MALTESE, J.P., CHRISTOPHER, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court