Kharyshyn v West End 82, LLC (2024 NY Slip Op 05586)

Kharyshyn v West End 82, LLC

2024 NY Slip Op 05586

Decided on November 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
LARA J. GENOVESI
CARL J. LANDICINO, JJ.

2023-07483
 (Index No. 533145/22)

[*1]Myron Kharyshyn, et al., respondents, 
v
West End 82, LLC, appellant.

Peirce & Salvato, PLLC, White Plains, NY (Jeffrey T. Beauchesne of counsel), for appellant.
Ressler & Ressler, New York, NY (Bruce J. Ressler and Ellen R. Werther of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Devin P. Cohen, J.), dated May 17, 2023. The order denied the defendant's motion for summary judgment dismissing the complaint without prejudice to renew upon the completion of discovery.
ORDERED that the order is affirmed, with costs.
In January 2022, the defendant hired nonparty D.R. Prut Corporation to perform construction work at its property located in Manhattan. On June 10, 2022, the plaintiff Myron Kharyshyn (hereinafter the injured plaintiff), an employee of D.R. Prut Corporation, allegedly fell from a ladder while performing work at the property.
In November 2022, the injured plaintiff, and his wife suing derivatively, commenced this personal injury action against the defendant, alleging negligence and violations of the Labor Law. The defendant interposed its answer in December 2022. Less than two months later, the defendant moved for summary judgment dismissing the complaint, contending, among other things, that it was exempt from the provisions of Labor Law §§ 240(1) and 241(6) as the owner of a one-family dwelling and that it did not have actual or constructive notice of any defect. In an order dated May 17, 2023, the Supreme Court denied the defendant's motion as premature, without prejudice to renew upon the completion of discovery. The defendant appeals.
"A party opposing summary judgment is entitled to obtain further discovery when it appears that facts supporting the opposing party's position may exist but cannot then be stated" (Harrinarain v Sisters of St. Joseph, 205 AD3d 893, 894 [internal quotation marks omitted]; see CPLR 3212[f]). "This is especially so where the motion for summary judgment was made prior to the parties conducting depositions" (Schlichting v Elliquence Realty, LLC, 116 AD3d 689, 690).
Here, the defendant moved for summary judgment dismissing the complaint less than two months after joinder of issue and before any depositions were conducted (see Diller v Mirto, 211 AD3d 912, 913; Brea v Salvatore, 130 AD3d 956, 957). The record reflects that discovery may lead [*2]to relevant evidence pertaining to whether the defendant is exempt from the provisions of Labor Law §§ 240(1) and 241(6) and whether the defendant had control over the work site and had notice of any defective condition (see CPLR 3212[f]; Harrinarain v Sisters of St. Joseph, 205 AD3d at 894; Schlichting v Elliquence Realty, LLC, 116 AD3d at 690; Bustillo v Tuckahoe Dev., 300 AD2d 272, 273).
Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint without prejudice to renew upon the completion of discovery.
CHAMBERS, J.P., MALTESE, GENOVESI and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court