Min Gyo Cho v Marcario (2025 NY Slip Op 02754)

Min Gyo Cho v Marcario

2025 NY Slip Op 02754

Decided on May 7, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2021-09499
 (Index No. 615760/20)

[*1]Min Gyo Cho, appellant, 
v
Joseph P. Marcario, et al., defendants, Philip J. Coward, respondent.

Steven C. Rauchberg, P.C., New York, NY, for appellant.
Martyn Martyn Smith Murray & Yong, Hauppauge, NY (Michael Balamoti and Shahid Mumtaz of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (George Nolan, J.), dated November 23, 2021. The order, insofar as appealed from, granted that branch of the motion of the defendant Philip J. Coward which was for summary judgment dismissing the amended complaint insofar as asserted against him.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Philip J. Coward which was for summary judgment dismissing the amended complaint insofar as asserted against him is denied.
This action arises out of a five-vehicle collision that occurred on Nesconset Highway in Suffolk County on July 6, 2020. In October 2020, the plaintiff commenced this action to recover damages for his personal injuries related to the accident. Prior to discovery, in a motion dated January 12, 2021, the defendant Philip J. Coward moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against him. In support of his motion, Coward argued that he bore no liability for the accident in that his vehicle was the third vehicle in a chain-reaction collision and he had been properly stopped in traffic when the collision occurred. In opposition, the plaintiff argued, among other things, that the motion was premature because not all of the defendant drivers had appeared in the action or submitted responsive pleadings. In an order dated November 23, 2021, the Supreme Court, inter alia, granted that branch of Coward's motion. The plaintiff appeals.
"A party who contends that a summary judgment motion is premature is required to demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (Elfe v Roman, 219 AD3d 1304, 1306 [internal quotation marks omitted]; see CPLR 3212[f]; Gonzalez v Goudiaby, 177 AD3d 656, 658). "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is an insufficient basis for denying . . . summary judgment" (Martinez v Kuhl, 165 AD3d 774, 775; see Sapienza v Harrison, 191 AD3d 1028, 1031).
Here, Coward's motion, inter alia, for summary judgment dismissing the amended [*2]complaint insofar as asserted against him was made before two of the other defendant drivers had appeared in the action and submitted responsive pleadings, and before any of the defendants had exchanged discovery. Furthermore, the plaintiff supplied an evidentiary basis demonstrating that discovery might lead to relevant evidence pertaining to the circumstances of the accident (see Haxhijaj v Ferrer, 166 AD3d 592, 593; Bonilla v Bangert's Flowers, 132 AD3d 618, 619-620; cf. Gonzalez v Goudiaby, 177 AD3d at 658). Accordingly, that branch of Coward's motion was premature (see Bonilla v Bangert's Flowers, 132 AD3d at 619).
The parties' remaining contentions need not be addressed in light of our determination.
DILLON, J.P., WOOTEN, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court