Kuhbach v Mordas (2025 NY Slip Op 05802)

Kuhbach v Mordas

2025 NY Slip Op 05802

Decided on October 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2024-01571 
2024-05635
 (Index No. 51497/23)

[*1]Robert Kuhbach, et al., appellants, 
v
Lynn Mordas, et al., respondents.

McCabe Coleman Ventosa & Patterson PLLC, Poughkeepsie, NY (Jennifer J. Clark and David L. Steinberg of counsel), for appellants.
Mackey, Butts & Whalen, LLP, Poughkeepsie, NY (Richard R. DuVall of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to quiet title to real property and for declaratory relief, the plaintiffs appeal from (1) an order of the Supreme Court, Dutchess County (Thomas Ritchie Davis, J.), dated February 6, 2024, and (2) a judgment of the same court dated March 7, 2024. The order granted the defendants' motion for summary judgment dismissing the complaint and on their counterclaim alleging adverse possession. The judgment, upon the order, is in favor of the defendants and against the plaintiffs dismissing the complaint and declaring that the defendants are the owners of certain property by adverse possession.
ORDERED that appeal from the order is dismissed; and it is further,
ORDERED that the judgment is reversed, on the law, the complaint is reinstated, the defendants' motion for summary judgment dismissing the complaint and on their counterclaim alleging adverse possession is denied as premature, without prejudice to renew upon the completion of discovery, and the order is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The plaintiffs commenced this action, inter alia, pursuant to RPAPL article 15 to quiet title to real property and for declaratory relief. The plaintiffs alleged that real property they own, located in Dutchess County, shared a common property boundary line with real property the defendants own. According to the plaintiffs, a survey revealed that the defendants' fence extended onto the plaintiffs' property. Allegedly, the fence extended to a maximum of 12 feet north of the common property boundary line. The defendants answered and asserted a counterclaim alleging that they owned the disputed land through adverse possession.
Thereafter, the defendants moved for summary judgment dismissing the complaint and on their counterclaim alleging adverse possession. The defendants contended that, as shown by their submissions, the fence was installed in 1993, 1994, and 1995; therefore, the defendants owned the disputed land through adverse possession. The plaintiffs opposed the motion. In an order dated February 6, 2024, the Supreme Court granted the defendants' motion. A judgment dated March 7, 2024, was issued, upon the order, in favor of the defendants and against the plaintiffs dismissing the complaint and declaring that the defendants are the owners of certain property by adverse possession. The plaintiffs appeal.
"In 2008, the adverse possession statute (RPAPL art 5) was amended in its entirety (L 2008, ch 269) to, among other things, discourage people from claiming adverse possession over real property they know belongs to another with superior ownership rights" (Estate of Becker v Murtagh, 19 NY3d 75, 81 n 4). However, courts have applied the law in effect prior to the amendments where, as here, a party claims that its property right vested prior to the enactment of those amendments (see e.g. Megalli v Yeager, 167 AD3d 860, 861; SLC Coram, LLC v 543 Middle Country Rd. Realty, LLC, 161 AD3d 1122, 1123).
Under the pre-amendment law, to establish a claim to property by adverse possession, a claimant must prove, by clear and convincing evidence, that possession of the property was "(1) hostile and under [a] claim of right; (2) actual; (3) open and notorious; (4) exclusive; and (5) continuous for the required period" of 10 years (Walling v Przybylo, 7 NY3d 228, 232; see Megalli v Yeager, 167 AD3d at 861; SLC Coram, LLC v 543 Middle Country Rd. Realty, LLC, 161 AD3d at 1123-1124). "In addition, where, as here, the claim of right is not founded upon a written instrument, the party asserting title by adverse possession must establish that the land was 'usually cultivated or improved' or 'protected by a substantial inclosure'" (Estate of Becker v Murtagh, 19 NY3d at 81, quoting RPAPL former 522).
Here, the defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the complaint and on their counterclaim alleging adverse possession. They submitted, among other evidence, an affidavit of the defendant Lynn Mordas, who averred that she and her former husband had the perimeter livestock fence installed in 1993, 1994, and 1995, as well as receipts relating to the fence. Thus, the defendants showed, prima facie, that they were the owners of the disputed property through adverse possession (see Warren v Carreras, 133 AD3d 592, 594).
In opposition, however, the plaintiffs demonstrated that the motion was premature. "CPLR 3212(f) permits a court to deny a motion for summary judgment where it appears that the facts essential to oppose the motion exist but cannot then be stated. This is especially so where the opposing party has not had a reasonable opportunity for disclosure prior to the making of the motion" (Brielmeier v Leal, 145 AD3d 753, 754 [citations and internal quotation marks omitted]). "A party who contends that a summary judgment motion is premature is required to demonstrate that discovery might lead to relevant evidence or the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (Cajas-Romero v Ward, 106 AD3d 850, 852).
In this case, the defendants moved for summary judgment roughly four months after the action was commenced, without the exchange of discovery responses and without any party or nonparty depositions having been taken. The former owner of the plaintiffs' property had been identified as possessing certain relevant information about the sequencing of events, which, upon discovery and if true, could potentially impact the defendants' entitlement to judgment as a matter of law on their counterclaim alleging adverse possession. Since the plaintiffs demonstrated that further discovery may result in the disclosure of relevant evidence regarding when the fence was built (see e.g. Knowles v 21-43 27th St., LLC, 224 AD3d 737, 738), the defendants' motion should have been denied as premature, without prejudice to renew upon the completion of discovery.
Consequently, we reverse the judgment, reinstate the complaint, deny the defendants' motion for summary judgment on the complaint and on their counterclaim alleging adverse possession as premature, without prejudice to renew upon the completion of discovery, and modify [*2]the order accordingly.
LASALLE, P.J., DILLON, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court